J. V. FARWELL & CO.

*v.*

CLARENCE V. SHOVE.

*Filed at Ottawa November 20, 1882.*

PRACTICE—*in trial by court—question of law, how presented.* If, on a trial by the court, without a jury, a party desires to raise the question whether a contract offered in evidence is fraudulent in law, or to preserve in the record the ruling of the court as to the law of the case, so as to have the same reviewed, he should require the trial court to give its holding in an appropriate proposition for that purpose, otherwise this court can not know that the court erred as to the law of the case.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. BASSETT & WHARTON, and Messrs. MARTIN, MURPHY & LYNCH, for the appellants.

Mr. J. C. PEPPER, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

J. V. Farwell & Co. sued out of the Mercer county circuit court a writ of attachment, against the estate of Clarence V. Shove, returnable to the November term, 1881, of said court. The affidavit upon which the writ of attachment was issued, after setting forth the nature and amount of the defendant's indebtedness in the usual form, proceeds in these words: "That the said Clarence V. Shove has, within two years preceding the filing of this affidavit, fraudulently conveyed and assigned his effects, or a part thereof, so as to hinder and delay his creditors; that the said Clarence V. Shove has, within two years preceding the filing of this affidavit, fraudulently concealed and disposed of his property,

so as to hinder and delay his creditors, and that the said Clarence V. Shove is about fraudulently to conceal, assign, or otherwise dispose of his property or effects, so as to hinder or delay his creditors." The defendant filed a plea in abatement, in due form, traversing the allegations of the affidavit, and upon the issues thus made up the cause was submitted to and tried by the court, without a jury, resulting in a finding and judgment for the defendant, which, on appeal, was affirmed by the Appellate Court for the Second District, and the appellants bring the case here for review.

An examination of the record fails to disclose any grounds which would authorize a reversal of the judgment of the Appellate Court. The case was heard and determined in the trial court upon issues of fact only. No question of law has been preserved in or presented by the record, in such a manner as would authorize us to consider it. A reversal is asked mainly on the ground that a certain contract offered in evidence was fraudulent in law. If counsel so regarded it, the proper course would have been to have required the trial court to so hold in an appropriate proposition, framed for that purpose.

In giving a construction to the provisions of the statute on this subject, we have held so often that mere questions of law like this must be raised and preserved in the record by some appropriate method, which the law has provided for that purpose, before this court will be authorized to consider them, that it would seem there ought to be no misapprehension on the subject. But even if we were permitted to consider this question, we would have no hesitancy in holding the contract in question is not fraudulent *per se*.

The judgment will be affirmed.

*Judgment affirmed.*