## ·. THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY
### v.
### SARAH NEWMAN, FOR USE, ETC.

*Practice—Bill of Exceptions.*

The motion for a new trial and the documentary evidence and instructions complained of must be preserved in the bill of exceptions, or error can not be assigned thereon.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Pulaski County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

Messrs. ROBARTS & BRADLEY and THOMAS BATES, for appellant.

Messrs. ANGUS LEEK and CRANDALL, LINEGAR & BOYD, for appellee.

GREEN, P. J. This suit was brought on a policy of insurance to recover the amount of loss by fire of the property alleged to have been insured. The cause was tried by a jury who returned a verdict for plaintiff, assessing the damages at $900, and the court entered judgment for the plaintiff for that sum and costs of suit. Defendant thereupon took this appeal.

The appellant presents a bill of exceptions so radically defective by reason of the omission of material matters as to preclude this court from taking cognizance of and passing upon the errors assigned.

The bill of exceptions does not contain the policy or any of the documentary evidence complained of, and does not contain any instructions given or refused, or motion for a new trial on behalf of defendant, and as these are matters which can be preserved and brought up for review in this court only by being embodied in a bill of exceptions, we can not consider the rulings of the court thereon which are assigned for error. The judgment must be affirmed. Nason v. Letz, 73 Ill. 371; James v. Dexter et al., 113 Ill. 654 ; Martin et al. v. Foulke et al., 114 Ill. 206.

*Judgment affirmed.*