JOHN GING

v.

H. ROBINSON & SON.

*Practice—Bill of Exceptions—Attachment—Fraudulent Concealment—Interpleader—Instructions.*

The motion for a new trial and instructions complained of must be preserved in the bill of exceptions in order to warrant a consideration of the errors assigned.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Effingham County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. S. F. GILMORE and E. N. RINEHART, for appellant.

Messrs. R. C. HARRAH and WOOD BROS., for appellees.

GREEN, P. J. Appellees sued out an attachment against C. Ambuehl, alleging in the affidavit, he was about to fraudu-

lently conceal, assign and otherwise dispose of his property and effects, so as to hinder and delay his creditors; that the indebtedness was for goods, wares and merchandise sold and delivered by plaintiffs to Ambuehl, and amounted to $109.95 after allowing all just credits, etc., and his residence was in said county and State. Ambuehl, by plea, traversed only the allegation that he was about to fraudulently conceal, assign and otherwise dispose of his property and effects so as to hinder and delay his creditors, but filed no other plea, and Ging, the appellant, filed his interpleader, claiming the goods attached as owner thereof, and to this plaintiffs interposed a special replication. By agreement the issues joined on the plea of Ambuehl and interpleader of appellant were both tried by one and the same jury, who, by their verdict, found the property attached to be the property of Ambuehl at the time of the levy, and not the property of John Ging. The judgment of the court as transcribed into the record is as follows: "It is therefore considered, ordered and adjudged by the court here, that the said plaintiffs have judgment against the said defendant and property attached; and it appearing to the court here from the evidence produced, that said plaintiffs have sustained damages by reason of the non-performance of certain promises in their declaration mentioned in the sum of $109.25, it is by the court here therefore ordered and adjudged that the said plaintiffs do have and recover from the said defendant the said sum of $109.25 for their damages herein, assessed by the court as aforesaid, together with all costs and charges by them made about this suit in this behalf expended, and that they have special execution therefor against the property levied upon under and by virtue of the original writ of attachment issued herein."

From this judgment Ging alone appealed and assigns the errors as follows: 1, "That the verdict of the jury in said cause was contrary to the law;" 2, "That the verdict is contrary to the evidence;" 3, "That the court gave improper instructions to the jury on behalf of the plaintiffs;" 4, "That the court erred in overruling the motion for a new trial;" 5, "That the court admitted improper evidence on part of plaintiffs."

The bill of exceptions does not contain the instructions complained of, or a motion for a new trial, and we can not look elsewhere in the record for them; they must be embodied and preserved in the bill of exceptions to become a part of the record. By reason of the said omission we are precluded from considering any of the errors assigned. Law v. Fletcher, 84 Ill. 45; James v. Dexter, 113 Ill. 654. In the latter case it is said in the opinion, it is not sufficient that the transcript of the record, as made up by the clerk, shows such motion was made and overruled and exception taken. These facts must appear in the bill of exceptions, otherwise the case will not be reviewed in the Appellate Court.

Believing the case at bar is one wherein the rule announced in the cases cited applies, we decline to consider and pass on the quest'on involved in the errors assigned and must affirm the judgment.

*Judgment affirmed.*