PATRICK L. GARRITY

v.

THE HAMBURGER COMPANY.

35   309
136s 499
35   309
55   339
35   309
70   375

*Account—Objections—Jury—Right to Trial by—Bill of Exceptions— Practice—Evidence.*

1. Whatever ground the party who is called upon to account has, upon which to resist the taking of such account, should be pleaded before the court under Sec. 6 of the act relating to actions of account, and upon an issue formed on such a plea, he is entitled to a trial by jury.

2. Where a party has consented to the taking of an account he can not object to the auditor's examination of witnesses, books and the like, and inquiries made in order to ascertain the state of accounts between the parties involved.

3. If a bill of exceptions does not state that it contains all the evidence in a given case, this court will presume that the decision of the trial court was justified by evidence not shown, if that shown is insufficient to support the same.

4. In the absence of evidence to the contrary, an auditor will be presumed to have been duly sworn.

5. In an action involving the settlement of corporate accounts, this court holds, that the result arrived at was in accordance with the respective rights of the parties to the controversy; that the irregularities in the proceedings were consented to by defendant, and that the judgment against him must be allowed to stand.

[Opinion filed February 12, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. SAWIN & VANDERPLOEG, for appellant.

The plaintiff here is a corporation suing for money alleged to have been paid by it, under false and fraudulent representations, and for money misappropriated by defendant, and not charged on the books. The defendant denies any fraud or misrepresentation or misappropriation, setting up a contract under which he sold the goods, etc., and claiming a salary as an officer of the plaintiff company, authorized and allowed by its by-laws, and drawn by him in accordance with these by-laws from time to time, and paid without question on order of the secretary and treasurer, and regularly charged to his account. The decision of both questions depends upon disputed facts, which should be decided by a jury, and have no relation or analogy to book account or other accounts. Book account "must be a formal statement in detail of the transactions between two parties made contemporaneously with the transaction or immediately after." Walker & Bates' Ohio Digest, Vol. 1, Div. 6; citing Richardson v. Wingate, 10 W. L. J. 145.

An action of account or of book account is not proper, and can not be maintained under such circumstances, since the

whole of plaintiff's cause of action was based upon misrepresentation, misappropriation and fraud. Spear et al. v. Newell, 2 Paine, 267 (U. S. Cir. Ct.); May v. Williams, 3 V. 239.

If, however, not regarding the action of account at common law, it is contended that a construction of our statute warrants a proceeding, as was had in the case at bar, we insist that it is a direct invasion, and is in derogation of the right every citizen has, to have all questions of fact, in actions at common law, tried by a jury. Bohmann v. City, 15 Ill. App. 48; Robson v. Jones, 33 Tex. 324. Constitution as above cited. Ware v. Nottinger, 35 Ill. 375.

Should it be urged, however, that the order of reference recites that the defendant was willing to account, or stood by and suffered such orders to be made, and by his silence acquiesced therein, we insist that such recital proves nothing, and if it did, such a willingness can not confer jurisdiction not before possessed; and further, that such willingness to account can not be construed as a waiver of trial by jury on the controverted question of fraud, etc., but could extend only to undisputed items, as shown by the proper books of account, or other evidence between them. See Ware v. Nottinger, 35 Ill. 375; Hermann v. Partrige, 79 Ill. 471.

We contend, first, that the auditor had no authority to act in the matter, because no interlocutory judgment to account upon any verdict or finding of the court legally made, was entered therein; and second, because the auditor was not under oath, in fact, and it does not appear by the record that he was sworn; an auditor being simply a referee. Spear v. Newell, 2 Paine, 267, which holds such judgment essential; Olison v. Means, 40 Me. 337; Gregory v. Healy, 61 Ill. 470; Cranmer v. Malthis, 2 Penning. 138; Parker v. Cramner, 1 Penning. 252.

And we submit further, that if the auditor derived any authority to act in the matter, the manner of his proceeding, and his assumption to pass upon and decide questions of law and disputed facts of fraud, misrepresentation and wrongful conversion of money, is entirely unwarranted in any view of

the case, either under our statute or the common law.　See
cases cited under first question presented.

Disputed questions of law or of fact, as they arise before
an auditor, must be referred to the court; if of law they are
to be decided by the judge, and if of fact they are to be passed
upon by a jury; nor are formal pleadings required or allowed
before an auditor, to present or to preserve them, but they
should be by him certified into court.　Such is the uniform
law of procedure in this action.　See cases above cited.　Lee
v. Abrams, 12 Ill. 111.

Whether, however, the issues so formed are to be so referred
during the progress of the accounting, or at the coming in of
the report, is differently decided, owing to statutory provis-
ions on the subject.　But where there are no special statutory
provisions, the correct practice seems to require that they
should be so referred, as they arise during the account, and
hence the unpopularity of this action.

See the whole action detailed at length in Godfrey v. Saun-
ders, 3 Wilson, 73, and Freeman's Illinois practice, *supra*.
Under the decision of our Supreme Court in Lee v. Abrams,
12 Ill. 111, however, it seems that they may be preserved and
presented at the time of the coming in of the report, and such
is also the practice in some of the other States.

All courts, however, seem to recognize the fact, that liti-
gants can not have disputed questions of fact, especially such as
misrepresentation, misappropriation, etc., tried and decided
by a referee or auditor where a right of trial by jury is guar-
anteed.　The difference being only as to the time and man-
ner of presenting these issues.　There certainly were numerous
disputed questions of fact and of law presented before the
auditor, and referred by him to be properly tried; but upon
which he presumed to rule, and which he actually decided,
against the objection of appellant, and to which exception was
duly taken and formed part of the record and bill of excep-
tions in this case.　Rensselaer Glass Factory v. Reid, 5 Cow.
587.

It was a question of fact whether the goods and merchan-
dise at the branch store on Monroe street, were sold at *cash value*,

as claimed by appellant and as recited in resolution of purchase, or at *cost* price, as contended by appellee. Cash value as we understand its meaning, is what anything will sell for—it being the purchasing power which an article possesses; while cost price is what a person pays, and is no positive criterion of value, since a thing may be bought dear or cheap. See Bouvier's Law Dictionary.

It is upon the construction and decision of this disputed question that the auditor's first and second findings are made, and declares in terms that there is due appellee on account of misrepresentations made at this sale the sum of $338. Surely fraud and misrepresentation are not proper or legitimate questions for an auditor to inquire into and decide against the objection of a defendant; nor were they legitimate or relevant inquiries in matters of book account.

Book account is a formal statement in detail of the transactions between parties made contemporaneously with the transaction or immediately thereafter. Walker & Bates' Ohio Digest, Vol. 1, title, Book Account, Div. 6; citing Richardson v. Wingate, 10 W. L. J. 145.

Messrs. Gartside & Leffingwell and David J. Wile, for appellee.

It is urged by the appellant that the court below was without "jurisdiction" in the matter of the reference to an auditor. If jurisdiction be "the power to hear and determine a cause," then the court below was *coram judice* when this case was presented to it, and brought the power into action. Bush v. Hanson, 70 Ill. 480.

It certainly had jurisdiction of the subject-matter of such action, whether in assumpsit or account, and as certainly had jurisdiction of the persons of the litigants. The parties were all in a court possessed of ample powers to adjudicate such cases. Clothed with such powers the court below proceeded in every essential step without objection from appellant. Making no objection, when if tenable at all it should have been made, it is too late for him to make it later.

The rule undoubtedly is that jurisdiction of the subject-matter can not be conferred upon a court by consent of par-

ties, nor can want of it be waived. Randolph Co. v. Ralls, 18 Ill. 29.

Appellee's position on this point, succinctly stated, is this:

1.   The Superior Court of Cook County has jurisdiction of the common law and statutory action of account. 1 Starr & Curtis, 187, Ch. 2, tit. Action of Account.

2.   That court in this case had jurisdiction of the persons of the parties litigant.

3.   Appellant's failure to object to the jury's discharge, his willingness to account, his failure to object to the reference in form or substance, his omission to object or except to the order changing the form of action to account—amount in law to a waiver of any possible irregularities (by no means by appellee conceded to be such) in the proceedings of the court below. Randolph Co. v. Ralls, 18 Ill. 29; Phillips v. Hood, 85 Ill. 451; Birks v. Houston, 63 Ill. 77; Allen v. Belcher, 3 Gilm. 594.

GARY, P. J.   The appellee commenced this action in assumpsit, but on the trial before the jury the court, by the consent of both parties, changed it to an action of account, gave the appellee leave to file another account, and referred the cause to an auditor.

This occurred October 18, 1888. October 29th, the parties appeared before the auditor, and the appellant then objected before him to further proceeding.

The next day the appellant moved the court to set aside the order referring the case to an auditor, but took no exception on the denial of his motion. He did not except to leave then given to the appellees to file their declaration *nunc pro tunc*, as of October 18th, but it is immaterial as of what date it is filed, the conduct of the case not being at all affected thereby. The objection that there was no interlocutory judgment to account is without merit, as the appellant had consented, before the case was referred, to account.

The net result of the auditor's examination of the accounts between the parties was a balance against the appellant of $1,238.29, for which judgment was entered against him. That balance was made up of money which the auditor found that

the appellant had received, which had not been charged upon the books of the appellees, and of an overcharge which the auditor found that the appellant had made upon goods sold by him to the appellees.

Whether these were proper charges depended upon evidence, and the position of the appellant is that the auditor could not decide upon disputed facts, but could only state an account upon undisputed items; that upon issues of fact, to be settled by evidence, he was entitled to a jury.

It is doubtless the law that whatever ground the party who is called upon to account has upon which to resist the taking of an account at all—as that he never was in such a relation with his adversary as authorizes calling him to account, or that he has been released or discharged from the duty to account by the act of the parties, or operation of law, should be pleaded before the court, under the 6th section of the act in regard to the action of account. Upon an issue formed on such a plea, he is entitled to a trial by jury. But the appellant in this case consented to account, and before the auditor; whatever inquiry was necessary to ascertain the state of accounts between the parties, upon the items properly chargeable to them, respectively, in that relation to each other with reference to which the account was being taken, the auditor had authority to make, either by the examination of witnesses, or books and papers, or both. Sections 9, 10 and 12 of the act; Lee v. Abrams, 12 Ill. 111.

This view disposes of a large part of appellant's argument here. The items allowed by the auditor are supported by such evidence as makes his finding, like the verdict of a jury under similar conditions, final.

The real grievances of the appellant are that his claim for a salary at the rate of $5,000 per year was disallowed, as was also a large sum to his credit upon the books of the appellees when he sold out to Jonas Hamburger.

For an understanding of these matters a statement of facts becomes necessary.

In February, 1884, the appellant, L. M. Hamburger, and Max Hamburger, formed a co-partnership, and the articles

of agreement, which contemplated that it would be turned into a corporation, provided that the appellant might draw out of the business $5,000 per year, and each of the others $12,000, but neither should have a salary. In those articles it was agreed that they should be the basis of the by-laws of the corporation when formed.

The corporation was afterward formed; and the appellant put in evidence one, and only one, by-law. L. M. Hamburger had gone out of the business. This by-law referring to Max Hamburger and the appellant was: "Said Hamburger and Garrity may draw and receive from said company, as follows:" Then followed Garrity $5,000, and Hamburger $ 2,000 per year. On this he claims that $5,000 per year was his salary as president of the company. It is not necessary to consider how this claim would stand if it affirmatively appeared that there was no other by-law relating to the matter. The record shows that the appellees put in evidence six other by-laws, but they are not copied.

It has always been the law of this State, that if a bill of exceptions did not state that it contained all the evidence, a court of review would presume that the decision of the lower court, which could be, was justified by evidence not shown, if that shown was not sufficient. Rogers v. Hall, 3 Scam. 5.

It is very probable that some one of the omitted by-laws, in pursuance of the provisions of the partnership agreement, negatives the claim for salary.

On the 19th of February, 1886, the appellant sold his interest, as shown by an instrument, as follows:

"In consideration of the sum of twenty-five hundred dollars ($2,500) cash in hand, paid me by Jonas Hamburger, and other good and valuable considerations, the receipt of which is hereby acknowledged, I do hereby sell, assign, transfer and set over to the said Jonas Hamburger all my right, title and interest of whatsoever kind or character in and to the corporation known as the Hamburger Bros. Co., and the Hamburger Garrity Co., and the business thereof. In witness thereof I have hereunto set my hand and seal, this 19th day of February, 1886.

     "P. L. GARRITY. [SEAL]"

And took a bond of indemnity as follows:

"In consideration of the purchase this day made by Jonas Hamburger of all the interest rights of Patrick L. Garrity in and to the corporation and business of the Hamburger Bros. Co. and the Hamburger & Garrity Company, and of one dollar and other good and valuable considerations to us paid by the said Patrick L. Garrity, the receipt of which is hereby acknowledged, we, the undersigned, do hereby jointly and severally promise to pay and discharge the obligations of the said Patrick L. Garrity now existing and represented as follows, to wit: The note executed by the Hamburger Bros. Co. to Minnie E. Hamburger, upon which suit is now pending in the Superior Court, Cook County, and the subsequent guarantee of the said note by the said Garrity, and notes executed by the said Garrity and Max Hamburger, payable to the order of L. M. Hamburger, the notes executed by the said Hamburger & Garrity Co. to the First National Bank of Chicago, and indorsed by the said Garrity and Max Hamburger, and a judgment against the said Hamburger Bros. in favor of Fernandez and others, heretofore obtained in the Superior Court of Cook County; and we further promise and agree and guarantee to prosecute and defend all law suits and litigations of every character that may arise from or from out of this indebtedness and obligation at our expense, and to save and keep harmless the said Patrick L. Garrity, his heirs and assigns, from all loss, liability or expense by reason thereof, or any or either thereof. The foregoing shall be binding upon our heirs, administrators or assigns.

"In witness whereof, we have hereunto set our names and seals this 19th day of February, 1886.

> "JONAS HAMBURGER,    [SEAL.]
> "MAX HAMBURGER,    [SEAL.] "

The record does not show that any certificates of stock in either of the corporations mentioned had ever issued; the interests of the parties were determined by the books. There is testimony that the appellant, in the negotiations preliminary to the sale, looked at his account on the books, and said that if he should retire from the concern entirely, and sell out his

good will, and all his interest of every description, stock and everything, he wanted $8,000, or $4,000 more than was coming to him. In fact he did get $8,000, although the bill of sale recites only $2,500.

At that time there was to his credit on the books a trifle over $4,000. In the account, of which that was the balance in his favor, he had been charged with $4,000 which had been borrowed from the First National Bank on a note to the bank mentioned in the bond of indemnity, which money had been put to the credit of the appellee, and by it checked out as a loan to appellant. After the sale, the appellant paid to the appellees the interest on that loan from December 1, 1885, to February 20, 1886, that interest not having been charged to him. It is now claimed by the appellant that Jonas Hamburger was bound by the terms of the bond of indemnity to pay that note, and by his so doing, the charge of the $4,000 to the appellant on the books of the appellee would no longer be a proper charge, but should go to his credit in the account taken by the auditor.

It is clear that the sale by the appellant to Jonas Hamburger was of all the beneficial interest the appellant had in anything concerning the appellees, and that the bond of indemnity was not intended to affect the relations between Jonas Hamburger and the appellees, but to save the appellant harmless from future claims. The record does not show, nor is there any presumption, that the auditor was not sworn, and the objection of the appellant on that point has nothing to stand upon. The result seems to have been in accordance with the respective rights of the parties, and the irregularities in the proceedings consented to by the appellant, and the judgment is therefore affirmed.

*Judgment affirmed.*