## ANDREW H. DEAM

### v.

## HAIMAN LOWY.

*Forcible Detainer—Practice.*

1. Where the bill of exceptions in a given case does not show that any exception was taken to the finding of the court, or that any motion for a new trial was made, this court can not consider the sufficiency of the evidence to sustain the findings.

Deam v. Lowy.

2. It is proper where certain defendants state in writing that an appearance and plea for them was unauthorized, to strike the same from the files, and default them; another defendant can not complain of the judgment upon such default.

3. A jury having been waived in a given case and a trial by the court had, no propositions of law having been submitted for the court to hold, this court can not know that the court in its conclusion erred as to the law.

[Opinion filed May 2, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Bangs & Bangs, for appellant.

Mr. Consider H. Willett, for appellee.

Waterman, P. J.   Appellee brought an action of forcible detainer against appellant and several other persons. The attorney employed by appellant filed a plea for all the defendants. All of the defendants, save appellant, having in writing stated that the appearance and plea for them was unauthorized, such plea as to them was stricken from the files and they were defaulted. The cause being submitted for trial the court found appellant guilty and judgment was rendered upon such finding against the defendant, and against the parties defaulted. It was entirely proper to strike the unauthorized plea from the files and to enter a default against the defendants who expressly consented to such action.

Appellant can not complain because a judgment was entered against other parties under whom he does not claim; a jury having been waived and a trial by the court had, as no propositions of law were submitted for the court to hold, we can not know that the court in its conclusion erred as to the law of the case.   Farwell v. Shove, 105 Ill. 61; Barber v. Hawley, 116 Ill. 91; McIntyre v. Sholty, 121 Ill. 660; National Bank v. LeMoyne, 127 Ill. 253; Louisville, E. & St. L. R. R. Co. v. Harlan, 31 Ill. App. 544.

The bill of exceptions does not show that any exception

was taken to the finding of the court, or that any motion for a new trial was made; we therefore can not consider the sufficiency of the evidence to sustain the findings: Fireman's Ins. Co. v. Peck, 126 Ill. 493; Graham v. People, 115 Ill. 566, 570; S. F. & M. Ins. Co. v. Newman, 31 Ill. App. 393; Ging v. Robinson & Son, 31 Ill. App. 511; Griffith v. Welsh, 32 Ill. App. 396.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*