CHARLES SPANGENBERG

v.

W. W. CHARLES.

*Bills of Exception.*

1. A bill of exceptions is to be regarded as a pleading of the party who presents it, and is to be construed most strongly against him.

2. Only by appearing in the bill of exceptions can the motion for a new trial, the affidavits in support thereof, or the propositions of law submitted to and refused by the court be brought before an appellate tribunal. They do not become a part of the record by being copied by the clerk.

[Opinion filed June 10, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. N. A. KAUFMANN, for appellant.

Mr. C. STUART BEATTIE, for appellee.

WATERMAN, P. J. In this case it appears from the bill of

exceptions that certain papers described as " the mortgage," " two notes," " the certificate," were introduced in evidence and marked exhibits " a a," etc.; certain papers in the bill of exceptions are marked exhibits " a a," etc. From this we might infer that such papers are those introduced in evidence, if we were permitted to draw inferences favorable to the party who presents a bill of exceptions.

Such inference is not permissible. A bill of exceptions is regarded as a pleading of the party who presents it, and is to be construed most strongly against him. Rogers v. Hall, 3 Scam. 5; McLaughlin v. Walsh, 3 Scam. 185; Thomas v. Leonard, 4 Scam. 556.

If the paper copied into the bill of exceptions is the one introduced in evidence, the bill of exceptions should have so stated. Neither the motion for a new trial, the affidavits in support thereof, nor the propositions of law submitted to and refused by the court appear in the bill of exceptions.

There is no other way in which these things can be brought before an appellate tribunal; they do not become a part of the record by being copied by the clerk. Van Cott v. Sprague, 5 Ill. App. 99; C., M. & St. Paul Ry. Co. v. Yando, 127 Ill. 214; Framey v. True, 26 Ill. 187; Smith v. Wilson, 26 Ill. 186; Liverpool L. & G. Ins. Co. v. Sanders, 26 Ill. App. 559; C., M. & St. Paul Ry. Co. v. Harper, 26 Ill. App. 621; Byrne v. Clark, 31 Ill. App. 651; Alley v. Limbert, 35 Ill. App. 592; Harris v. Brain, 33 Ill. App. 510; Graham v. People, 115 Ill. 566–570; Fireman's Ins. Co. v. Peck, 126 Ill. 495; Dean v. Lowy, 44 Ill. App. 302.

The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*