## Meath v. Widdicomb Mantel Company.

1. TECHNICALITIES—*Certainty, etc.*—A technical answer is good to a technical objection. Saying that a motion was made for a certain reason is no statement that the reason existed. All ambiguities and uncertainties in a bill of exceptions are at the risk of the person preparing it.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Declaration on the common counts; plea of the general issue and affidavit of merits; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed May 11, 1893.

The statement of the facts is contained in the opinion of the court.

WALLACE & PATTON, attorneys for appellant.

JAMES H. BARNARD, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

This court has heretofore decided that a technical answer is good to a technical objection. Zielinski v. Remus, No. 4572 this court, opinion filed January 7, 1893.

There is no pretense of any meritorious defense by the appellant to the demand upon which judgment was recovered against him below. What he complains of, is thus stated in his abstract:

"When the cause was called for trial, and before a jury had been impaneled therein, counsel for defendant moved the court to strike the cause from the short cause calendar, for the reason that it was not at issue when it was put upon the short cause calendar, inasmuch as a similiter was not filed by the plaintiff. It appeared that the similiter was attached to the plea before the case was reached for trial. A rule of said court provides that "no cause shall be noticed for trial on such calendar until the same is at issue." The court overruled said motion, to which counsel for the defend-

Meath v. Widdicomb Mantel Co.

ant then and there excepted. Counsel for defendant further moved said court to strike said cause from the calendar, for the reason that the notice and affidavit, that the case will not take more than one hour for trial, should be filed with the clerk, and that said affidavit had not been filed. Said cause came on for trial on a short cause calendar prepared by the clerk of said court pursuant to an act of the legislature approved June 1, 1889, entitled, ' An act to expedite the trial of certain suits at law in courts of record.' The attorney for the plaintiff stated to the court that the notice and affidavit for the short cause calendar had been filed with the clerk of the court as required, ten days before the cause was reached for trial. Upon the back of said notice and affidavit appeared the words and figures, 'Filed this 5th day of January, A. D. 1893.' The court thereupon asked the clerk of said court whether said notice and affidavit was filed with him the 5th day of January, 1893, and also whether words and figures above set forth were in his handwriting. The clerk replied that the same was in his handwriting and was filed on the day indicated. It appeared that the clerk had omitted to write the name of the clerk of the Superior Court underneath the words and figures above mentioned. Thereupon the court said it was simply a clerical error on the part of said clerk, and instructed the minute clerk to write the name of the clerk of said court underneath the date of filing, ' Filed the 5th day of January, 1893,' on said affidavit and notice, which was accordingly done. The court then overruled said motion, to which the defendant then and there excepted."

It is quite possible that this story is all true, and that the similiter was added before the affidavit was made, and that the affidavit and notice were duly filed. Saying that a motion was made for a certain reason, is no statement that the reason existed. All ambiguities and uncertainties in a bill of exceptions are at the risk of the party preparing it. Monroe v. Snow, 33 Ill. App. 230; Spangenberg v. Charles, 44 Ill. App. 526.

The judgment is affirmed.