Imperial Hotel Co. v. H. B. Claflin Co.

BURNHAM & BALDWIN, attorneys for appellant.

C. PORTER JOHNSON, attorney for appellee.

---

# Imperial Hotel Co. and A. C. Mills & Co. v. The H. B. Claflin Co.

55   337
55   311
55   345
55   337
175s  119
55   337
87   637

1. BILLS OF EXCEPTIONS—*Documentary Evidence Must Be Identified.*—Where papers are offered in evidence and it is desired to preserve them in a bill of exceptions, they must be identified in the bill as those offered in evidence.

2. EVIDENCE—*Part of a Paper by One Side.*—On the trial of an action, where one party offers in evidence a part of a paper, then the whole paper, so far as it relates to the subject-matter in controversy, is admissible for the other party.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration, common counts with copy of account sued on; plea, general issue, with affidavit of merits; trial by the court without a jury; judgment for plaintiff; error by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 22, 1894.

BRIEF FOR PLAINTIFFS IN ERROR, EDWARD S. ELLIOTT AND DEFREES, BRACE & RITTER, ATTORNEYS.

Where any document is produced and read by one party, the whole is to be read if the adversary require it; for unless the whole be read, there can be no certainty as to the real sense and meaning of the entire document. 1 Starkie on Evidence, 414; The Earl of Bath v. Battersea, 5 Mod. 9; Buller's Nisi Prius, 237; Cowper, 594; Wharton's Law of Evidence (2d Ed.), Secs. 618–20; Commissioners v. Washington Park, 52 N. Y. 131.

BRIEF FOR DEFENDANT IN ERROR, JAMES A. FULLENWIDER, ATTORNEY.

If the rule relating to clauses in deeds whereby the vendee assumes and agrees to pay debts created by the vendor, be applied to the case at bar, then the Imperial Hotel Company stands in the situation of a surety for A. C. Mills & Company, and both can be sued together, as principal and surety can in other cases. Trotter v. Hughes, 12 N. Y. 74; King v. Whitely, 10 Paige (N. Y.) 465; Vrooman v. Turner, 69 N. Y. 280; Norwood v. DeHart, 30 N. J. Eq. 412; Miller v. Whipple, 1 Gray (Mass.) 317.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It is probable that the defendant in error sued as for a just debt, two parties who were not jointly liable; one being the original purchaser of, and the other having assumed

to pay for, goods sold.  We are relieved from the duty of enforcing technical law against seeming equity, by the character of the bill of exceptions.  I quote:

"Mr. Brace:  We offer in evidence these bills in connection with the cross-examination of this witness.

Mr. Bisbee:  Oh, no, I think you better wait until you get to your case.

The Court:  Have you got through with this witness?

Mr. Brace:  I offer, in connection with his testimony, these bills which I have just shown him and which he has just identified as the original invoices.

Mr. Bisbee:  We object to that.  He can't offer evidence until he comes to his side of the case.

The Court:  Oh, well, let them go in.

Mr. Brace:  Seventy bills, numbered from one to seventy, both inclusive, of H. B. Claflin & Company, made out against the Imperial Hotel Company, Chicago, Illinois."

Then follow seventy pages of the bill of exceptions, each consisting of a bill made out as described, and numbered with blue pencil, consecutively, from one to seventy.

The bill also contains:  "Counsel for defendants offered in evidence the charter of A. C. Mills & Company, the same being dated and issued May 6, 1893," and the bill, so far as relates to the evidence, closes with the statement: "Which was all the evidence offered in this case by either side."  The charter offered, is not in the bill.

The bill, therefore, shows that evidence was offered which is not in the bill.  Whether the nature of that evidence, being but a charter of one of the defendants below, would rebut the ordinary presumption that omitted evidence would sustain the judgment (Garrity v. Hamburger Co., 35 Ill. App. 309, S. C., 136 Ill. 499), we need not inquire; but the bills, one to seventy, are not identified by any words in the bill of exceptions as being the same as those of which the court said, "Oh, well, let them go in."  Spangenberg v. Charles, 44 Ill. App. 526, is exactly in point; and see Charles v. Remick, 50 Ill. App. 534; Ray v. Galloway, No. 5074; Fred Miller Brg. Co. v. Beckington, No. 5011.

We can not, therefore, look at those bills, and not seeing them, do not know that they do not contain such matter as might sustain the finding for the defendant in error, under the count upon an account stated.

In fact, it is wholly conjectural, if we do not look at them, what may be in them, and the action of the court below is presumed to be right, until the contrary is shown.

The only point in the case which.is not in effect an objection to the sufficiency of the evidence to sustain the finding of the court, is upon the admission of a part of a paper as evidence for the plaintiff below, without requiring it to put in the whole paper. The cases cited are authority that when part of a paper is offered by one side, then the whole, relating to the same subject, is admissible for the other. We have held that the party who offers the paper, need put in only so much as suits himself. Cramer v. Gregg, 40 Ill. App. 442. The judgment is affirmed.