## Albert Moses v. D. J. Loomis, E. W. Stevens and R. S. Hopkins.

1. FORCIBLE DETAINER—*Sub-tenants Necessary Parties.*—Sub-tenants can not be put out of possession by proceedings against the original tenant only.

2. REVERSIBLE ERROR—*What is Not.*—Error without prejudice is not sufficient cause for reversing a judgment.

3. INSTRUCTIONS—*Objections to Giving Orally—Practice.*—In order to assign error for giving of instructions orally, the objection must be taken to the manner of giving them, not to the matter of the instructions.

4. CONTRACTS—*Under Seal—Not to Be Modified by Parol.*—A lease under seal can not be modified by a parol contract, but if not under seal it can be changed by a subsequent parol agreement.

**Memorandum.**—Forcible detainer. In the Circuit Court of Cook County, on appeal from justice's court; the Hon. FRANCIS ADAMS, Judge, presiding. Trial by jury; verdict of not guilty; appeal by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

### STATEMENT OF THE CASE.

This is an action of forcible detainer, originally begun before a justice of the peace, by appellant, the plaintiff be-

low.  Judgment was rendered in his favor and an appeal
was taken by appellee, Stevens, to the Circuit Court.

A trial by jury in that court, resulted in a verdict and
judgment for the defendants, from which the plaintiff ap-
pealed to this court.

The appellant is the lessor of the stores located at 454
and 456 41st street, in the city of Chicago; he leased the
same to Loomis and Stevens for a term of five years, com-
mencing April 28, 1893.

The lease is under seal and contains the following cov-
enant:  "And the said parties of the second part further
covenants that they will not assign this lease, nor let or un-
derlet the whole or any part of the said premises, nor make
any alteration therein, without the written consent of the
said party of the first part, under penalty of forfeiture and
damages."

The object of the suit was to regain possession of the
premises by reason of an alleged violation of the covenant
in not obtaining the written consent of the lessor, permit-
ting them to make alterations in said premises.  The testi-
mony shows that Loomis and Stevens cut the flooring and
four joists that supported a floor in No. 454, and put in a
pair of stairs.  Two openings were cut, each about two and
one-half feet by six feet.

APPELLANT'S BRIEF, STRAUS & BRUGGEMEYER, ATTORNEYS.

Parol testimony is inadmissible to vary or contradict the
terms of a sealed instrument.  Chapman v. McGrew, 20
Ill. 101; Hume v. Taylor, 63 Ill. 43; Barnett v. Barnes, 73
Ill. 216; Loach v. Farnum, 90 Ill. 368; Coe v. Hobby, 72 N.
Y. 141; Allen v. Jaguish, 21 Wend. (N. Y.) 628.

"A sealed executory contract can not be released or re-
scinded by a parol agreement; thus, where a landlord cov-
enanted to make certain alterations and improvements in a
store, and by the same instrument let the store, so to be
altered, to a tenant for a term of years, at a stipulated rent,
and by reason of the decay of the building, the landlord was
forced to change his plan, and accordingly took down the

old building and erected a new one, in which he fitted up a store for the tenant, to which change of plan the tenant assented, but such assent was by parol, it was held in an action by the tenant against the landlord for the non-performance of the original covenants, that the evidence of assent was incompetent and inadmissible." Delacroix v. Buckley, 13 Wend. (N. Y.) 71.

LONGENECKER & JAMPOLIS, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It is probable that D. J. Loomis and E. W. Stevens were tenants of two stores under the appellant, and had sub-let a part of the premises to R. S. Hopkins.

The appellant sued the three in forcible detainer, his complaint being that Loomis and Stevens had cut away some joists, which act gave him the right to re-enter.

Upon such a case there can be no claim that Hopkins is liable in this action, as it is not pretended that any notice to quit was given to him. Sub-tenants can not be put out by proceedings against the original tenant only. Leindecker v. Waldron, 52 Ill. 283.

Indeed, the appellant only urges that it was error to orally instruct the jury to find in favor of Hopkins; if it was, it was error without prejudice, and no cause for reversing the judgment. Chi. Pub. Stock Exch. v. McCloughry, 148 Ill. 372. But the record indicates that the appellant excepted to the matter, not the manner, of the instruction.

As to Loomis and Stevens the court instructed the jury: " If you believe from the evidence that the plaintiff, Moses, verbally authorized the defendants, Stevens and Loomis, to make the change, if any, which you may believe from the evidence were made in the building, this was a waiver by Moses of the provisions in the lease that no alteration should be made without the written consent of Moses, as that provision was inserted in the lease for the benefit of Moses and he had the right to waive it."

If there was a lease under seal, that instruction was

wrong, as nothing by parol would modify the lease. B. & O. R. R. v. Ill. Cent. R. R., 137 Ill. 9.

But if not under seal, then it could be changed by subsequent parol agreement. Bishop v. Busse, 69 Ill. 403.

Now on this record we can not see any document which was in evidence below. The language of the bill of exceptions as to such documents is : "Said lease was admitted in evidence and marked exhibit A." "Said notice was marked exhibit B." Similar language is used as to some exhibits put in by Hopkins.

In the bill are documents marked exhibits A and B, and they are near to the words referring to exhibits as A and B, but there is no statement that these are the same; no words of identification. Imperial Hotel v. Claflin, No. 5233, citing Spangenberg v. Charles, 44 Ill. App. 526, Charles v. Remick, 50 Ill. App. 534, and other cases not yet reported.

The judgment must be affirmed.