THE OPAQUE CLOTH SHADE COMPANY

*v.*

WILHELM VEIGHT.

| 161 | 337 |
|-----|-----|
| 69a | 654 |
| 161 | 337 |
| 195 | 105 |
| 161 | 337 |
| 199 | 65 |

*Filed at Ottawa May 12, 1896.*

APPEALS AND ERRORS—*validity of a statute—question not presented below.* A case cannot be brought by appeal or writ of error directly to the Supreme Court, as involving the validity of a statute, unless the record shows that the question of the validity of such statute was in some way presented to the trial court for its decision.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

161—22

JOHNSON & MORRILL, for appellant.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This action was begun by appellee, against appellant, before a justice of the peace of Cook county, and he there recovered a judgment for $48.75 for "work and labor" and $3.15 costs of suit. The defendant appealed to the circuit court, where a trial was had without a jury, by agreement, and judgment again rendered for $48.75 "for wages as a laborer," $25 being allowed him as attorney's fees. Motion by defendant for a new trial being overruled, an appeal was prayed and allowed to the Appellate Court for the First District, but subsequently this appeal was granted, and the case comes before us directly from the trial court.

There is nothing in the record upon which jurisdiction in this court can be based. The attempt is made here to question the validity of sections 3, 4 and 5 of the act approved May 28, 1891, known as the "truck act." That question, however, was not raised in any manner in the trial court and cannot be urged for the first time here. The suit, as appears from the transcript, was for work and labor. The evidence upon the trial in the circuit court shows, without contradiction, that labor was performed by the plaintiff for the defendant, for which no pay was received, and the judgment appealed from is not based upon the statute referred to. His right to recover the amount claimed and the attorney's fee allowed him did not necessarily depend upon that statute. Certainly this is true as to the claim for wages, and the attorney's fee was, if the evidence authorized it, properly allowed under the statute. (3 Starr & Curtis, chap. 13, sec. 1, p. 101; *Vogel* v. *Pekoc*, 157 Ill. 339.) If the defendant desired to raise the question here discussed, it should have raised it in the trial court by submitting proper propositions to be held as the law of the case.

There is nothing before us to show that the circuit court committed any error whatever' in its rulings upon the law. (*Farwell & Co.* v. *Shove*, 105 Ill. 61; *Gould* v. *Howe*, 127 id. 251; *Merrimac Paper Co.* v. *Illinois Trust and Savings Bank*, 129 id. 296.) In other words, a case cannot be brought by appeal or writ of error directly to this court, as involving the validity of a statute, unless the record shows that that question was in some way presented to the trial court for its decision.

The appeal will accordingly be dismissed.

*Appeal dismissed.*