## Frank T. Kinnare, Adm'r, etc., v. The Michigan Central R. R. Co.

1. Bills of Exceptions.—*Must Show That They Contain all the Evidence.*—If a bill of exceptions does not show that it contains all of the evidence a court of review will presume that the decision of the lower court, which could be justified, was justified by the evidence not shown in the bill of exceptions.

Trespass on the Case, death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. Frank Baker Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

B. M. Shaffner, attorney for appellant.

It will be noticed that the court trying the cause certi-fies, "that the foregoing witnesses (naming them), were all the witnesses produced by either party to the suit, but that the foregoing was not all the evidence of such witnesses."

It is not necessary that a bill of exceptions should contain all the evidence where a question of law is involved, or where it is decided to question the decision of the court in giving or refusing instructions. In such case it is sufficient that the bill of exceptions states that the evidence tended

to prove certain facts.   In the case at bar, upon motion of
counsel for appellee, the court instructed the jury to find
the defendant not guilty; in effect, a demurrer to appellant's
evidence, which not only admits the truth of the facts tes-
tified to, but all inferences logically flowing therefrom. See
Schmidt v. O. & N. W. Ry. Co. et al., 83 Ill. 412; Nason v.
Letz, 73 Ill. 371.

WINSTON & MEAGHER, attorneys for appellee; FREDERICK
R. BABCOCK of counsel.

In the absence of a certificate by the judge before whom
the case is tried, that the bill of exceptions contains all the
evidence introduced upon the trial, the court is bound to
presume that there was sufficient evidence to sustain the
judgment of the court below.   Oehmen v. Thurnes, 51 Ill.
App. 435; Clough et al. v. Kyne et al., 51 Ill. App. 120;
Keating et al. v. Stebbins, 22 Ill. App. 567; Redner v.
Davern, 41 Ill. App. 245; Reid v. Flanders, 62 Ill. App.
106; Thompkins v. Mann, 6 Ill. App. 171; Robertson v.
Morgan, 38 Ill. App. 137; Fuller v. Bates, 6 Ill. App. 442;
Ballance v. Leonard, 37 Ill. 43; Buckland v. Goddard, 36
Ill. 206.

It is a familiar doctrine that appellate tribunals will
indulge in all reasonable presumptions in favor of the action
of the court below, in order to sustain the judgment or
decree reviewed.   Schmidt et al. v. Braley, 112 Ill. 48; John-
son v. Glover, 19 Ill. App. 585; Redner v. Davern, 41 Ill.
App. 246; Board of Trustees v. Misenheimer, 89 Ill. 151.

Where there is no bill of exceptions, only such questions
as arise on the pleadings in the record, aside from the bill
of exceptions, can be considered on the appeal.   Stern et
al. v. The People, 96 Ill. 475.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION
OF THE COURT.

This action was brought by appellant, as administrator
of the estate of B. F. Schmidt, deceased, to recover damages
for negligently causing the death of said Schmidt.

At the close of the plaintiff's case, the court, at the request of the defendant, peremptorily instructed the jury to return a verdict of not guilty.

The only question of law presented by the record is whether the court erred in giving such instruction, and that, in turn, depends upon whether the evidence failed to make a case for the jury to pass upon.

The bill of exceptions affirmatively shows that it does not contain all the evidence that was heard at the trial.

It is therein certified by the trial judge, as follows:

" The foregoing witnesses, Louis Schmidt, James Patton, Gustav Mehlschmidt and H. F. McLean were all the witnesses produced by either party to the suit, upon the trial thereof, but the foregoing is not all the evidence of said witnesses."

And the point that with less than all the evidence before us, we can not determine a question of law that depends upon the evidence, is insisted upon by the appellee, and must prevail.

" It has always been the law of this State that if a bill of exceptions did not state that it contained all the evidence, a court of review would presume that the decision of the lower court, which could be, was justified by the evidence not shown, if that shown was not sufficient," was the language of this court in Garrity v. Hamburger Co., 35 Ill. App. 309, quoted with approval by the Supreme Court in the same case, 136 Ill. 499, where it was added: " We think the Appellate Court took a substantially correct view of the matter, since it affirmatively appeared, from the bill of exceptions, that evidence which probably bore on the question in issue was introduced at the hearing, but was not copied into the bill of exceptions."    See also Goodwillie v. City of Lake View, 137 Ill. 51; Buckland v. Goddard, 36 Ill. 206; Ballance v. Leonard, 37 Ill. 43; James v. Dexter, 113 Ill. 654.

This court has had occasion many times to announce the rule, some of the later cases being Poppers v. Hynes, 60 Ill. App. 448; Reid v. Flanders, 62 Ill. App. 106; Clough v.

Kyne, 51 Ill. App. 120; Redner v. Davern, 41 Ill. App. 245; and the early case of Tompkins v. Mann, 6 Ill. App. 171.

It follows, necessarily and emphatically, that an assignment of error in law which rests wholly upon the evidence can not be considered upon but a part of the evidence being before us.

The judgment of the Circuit Court is affirmed.