## Belvidere Gaslight and Fuel Co. v. Sarah Jackson.

1. ERROR—*Without Prejudice.*—It is a rule of law that error without prejudice is no ground for reversal.

2. NUISANCES—*Business Conducted with Reasonable Care to Prevent.* —The fact that a business is conducted with all reasonable care to prevent injury to the rights of others will not, of itself, relieve the proprietor of such business from responsibility, if injury actually results therefrom to others.

3. SAME—*Evidence of Injury to Adjoining Premises.*—In an action for injuries to the water in a well, occasioned by the erection and operation of a gas plant, testimony concerning the condition of water in wells on other premises in the neighborhood is admissible to show the extent and character of the injury sustained by the plaintiff, and as tending to prove that the operation of the gas plant could produce the injury complained of.

4. SAME—*Evidence of Conditions After Suit Brought, Admissible.*— In an action for injuries to premises occasioned by the erection and operation of a gas plant, testimony concerning conditions which have arisen since the commencement of the suit, is admissible, and the plaintiff is entitled to recover both present and future damages.

**Action in Case,** for damages occasioned by the erection and operation of a gas plant. Trial in the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

ROBERT W. WRIGHT, attorney for plaintiff in error, contended that instructions permitting a recovery independent of the question of negligence were erroneous, and that the refused instructions requested by plaintiff in error to the effect that, if the jury believed that plaintiff in error, in erecting and operating its works, took all reasonable and proper precaution and used the best and most approved machinery and appliances, and did all that any reasonable and prudent person could do to prevent the escape of gas, it is not liable, should have been given. This was the only instruction asked for by plaintiff in error on this question. The latter cases seemed to hold that negligence in the construction and operation of the plant is what gives rise to an action like this. I. C. R. R. Co. v. Grabill, 50 Ill. 241; Rockford Gas Light & Fuel Co. v. Ernst, 60 Ill. App. 300.

WILLIAM L. PIERCE and CHARLES ROACH, attorneys for appellees.

In an action to recover damage for a nuisance, neighbors of the plaintiff may testify that they were injured by noises and noxious and offensive matters, in the use and enjoyment of their respective property. Such testimony is admissible to show the extent and character of the injury

complained of, and as tending to prove that the nuisance objected to was capable of inflicting the injury complained of. Wylie v. Elwood, 134 Ill. 281; Cooper v. Randall, 59 Ill. 317, 9 L. R. A. 276.

The doctrine now is that a nuisance may be both public and private. The use of a steam engine in a crowded street may be a public nuisance, but in a case where the smoke from it also injured the goods in a man's shop and made his dwelling uncomfortable, it is such a private nuisance as will give him a right of action. Wylie v. Elwood, 134 Ill. 281; Wood, Nuisance, Sec. 649; Ottawa Gas Light & Fuel Co. v. Thompson, 39 Ill. 598.

In a suit for damages caused by smoke, gas and dust escaping from an embankment of slack built for a railroad switch, in front of the residence of plaintiff, the damages are not to be measured by the rental value of the residence, for the great injury is to the physical discomfort and the deprivation of the comforts of a home, no fixed rule can be stated, and the amount allowed must be left to the sound discretion of the jury in view of the facts of the particular case. Chicago Virden Coal Co. v. Wilson, 67 Ill. App. 443; Ottawa Gas Light & Coke Co. v. Graham, 28 Ill. 73; Decatur Gas Light & Coke Co. v. Howell, 92 Ill. 19; Chicago F. & B. Co. v. Hedges, 35 Ill. App. 174; C. & E. I. Ry. Co. v. Loeb, 118 Ill. 210.

Whatever is offensive, physically, to the senses, and by such offensiveness makes life uncomfortable, is a nuisance; and any business, however lawful, or skillfully and cautiously conducted, which causes annoyances that materially interfere with the ordinary comfort, physically, of human existence, or of the use and enjoyment of property, is a nuisance, and an action will lie for damages resulting to the person injured. Winslow v. Bloomington, 24 Ill. App. 648; Decatur Gas Light Co. v. Howell, 92 Ill. 19; Ottawa Gas Light Co. v. Graham, 35 Ill. 346; Cooper v. Randall, 59 Ill. 317; C. & E. I. R. Co. v. Loeb, 118 Ill. 203; C. & E. I. R. Co. v. McAuley, 121 Ill. 160; I. C. R. Co. v. Grabill, 50 Ill. 248; Wenona Zinc Co. v. Dunham, 56 Ill. App. 351; Gempp

v. Bassham, 60 Ill. App. 84; Hyde Park T. H. L. & Co. v. Potter, 167 Ill. 276; Ottawa Gas Light Co. v. Thompson, 39 Ill. 598; Calef v. Thomas, 81 Ill. 478; Wahle v. Reinback, 76 Ill. 322; Wylie v. Elwood, 134 Ill. 281; Rockford G. & F. Co. v. Ernst, 68 Ill. App. 300; C., C., C.-& St. L. R. Co. v. Pattison, 67 Ill. App. 351; Chicago Virden C. Co. v. Wilson, 67 Ill. App. 443; Bohan v. Port Jervis Gas Light Co., 9 L. R. A. 711; Susquehanna Fertilizer Co. v. Malone, 73 Md. 268; 9 L. R. A. 737.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error is engaged in the manufacture and distribution of gas for fuel and illuminating purposes in Belvidere, and has a gas plant located near the residence of defendant in error. The latter brought suit for injuries to her premises occasioned by the erection and operation of the plant.

The declaration contains five counts. The first count charges that the defendant negligently caused to proceed from its plant smoke, gas and other vapors and noxious matter which corrupted the air, and that in consequence plaintiff was permanently injured in the enjoyment of her dwelling house. The second count charges that defendant did not use proper care in the operation of its plant, but permitted leaks to occur in buildings, tar pits, basins, etc., whereby gas escaped and permeated the earth; that the dwelling house was rendered unwholesome and offensive, and the pure and wholesome water in a well on the premises. was rendered impure and unwholesome by said escaping gas. The third, fourth and fifth counts all charge injury to plaintiff's premises and pollution of water in the well by the escaping gas.

To this declaration the plaintiff in error filed a plea of the general issue, and upon trial the jury returned a verdict in favor of defendant in error for $500.

A motion for a new trial was overruled and judgment entered for the amount of the verdict.

The principal error assigned by the plaintiff in error, and the one upon which it almost wholly depends for a reversal

of this judgment is " that the declaration and each and every count thereof, is insufficient on which to base the judgment herein.

Because the court instructed the jury that the defendant might be found guilty herein, if refuse escaped from its plant and polluted the well of plaintiff, when there is no averment in the declaration of the plaintiff concerning the same.

The instruction complained of is the fourth, given for defendant in error, and is as follows:

" If you believe from the evidence that the defendant, Belvidere Gas Light and Fuel Company, has negligently and improperly allowed noxious gases, odors and refuse from its gas plant to escape and thus pollute the well of water of the plaintiff, then you are instructed that the defendant is liable in this action for said injury, and you should find for the plaintiff on such issues, such damages as the evidence shows she has suffered by reason of such negligence and improper conduct of the defendant."

Two of the instructions presented by plaintiff in error were also modified to conform to the theory expressed in said instruction No. 4. The "refuse" referred to is the residuum left from the substance out of which the gas has been manufactured, and is something like tar. It is not charged in any of the counts of the declaration that water of the well was polluted by the escape of this "refuse." Under the averments contained in the declaration the instruction complained of was faulty so far as it called attention to the pollution of the water by refuse escaping from the gas plant. The declaration, however, was sufficiently broad to cover any injury to the water occasioned by the manufacture of the refuse and its deposit in the tar well, not resulting from the actual escape of the same from the premises of plaintiff in error and its contact with the premises of defendant in error. It appeared from the evidence, that the "refuse" was conveyed into a well, known as the tar well, some sixty feet from the plant. There was no evidence whatever that the refuse ever escaped from the plant or the tar well into the well of defendant in error, or upon her

premises. The jury therefore could not have found that the water in the well of defendant in error was polluted by the escape of the refuse. We are of opinion that the plaintiff in error was not in any way injured by the giving of said instruction No. 4, nor in the modification of the two instructions offered by plaintiff in error on the same subject, and that therefore there was no prejudicial error in that connection. It is a rule of law well settled that error without prejudice is no ground for reversal. Neufield v. Rodeminski, 144 Ill. 83; Moses v. Loomis, 55 Ill. App. 342.

Plaintiff in error complains because the trial court refused its instruction to the effect that, if the jury believed from the evidence the plaintiff in error in erecting, keeping and operating its gas works and the manufacture and keeping of gas took all reasonable and proper precaution and used the best and most approved machinery and appliances in its business, and did all that any reasonable and prudent person could do to prevent the escape of gas from its plant, and to prevent the water in defendant in error's well from becoming contaminated, it was not liable in this action. The fact that a business is conducted with all reasonable care to prevent injury to the rights of others will not of itself relieve the proprietor from responsibility if an injury actually results therefrom to others. Cooper v. Randall, 53 Ill. 24; Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322.

There was no error in admitting testimony concerning the condition of water in wells on other premises in the neighborhood. Such testimony was admissible to show the extent and character of the injury sustained by defendant in error and as tending to prove that the operation of the gas plant could produce the injury complained of. Wylie v. Elwood, 134 Ill. 281; Cooper v. Randall, 59 Ill. 317.

It is further urged that the court erred in admitting testimony concerning conditions which have arisen since the commencement of the suit. In the case of Hyde Park Light Co. v. Porter, 167 Ill. 276, which was a suit for injuries to premises caused by the location, erection and opera-

tion of an electric light plant, it was said: "It was not the erection of the building itself nor the mere putting into it of machinery, which gave the right of action, but it was from its operation, whereby dirt, dust, ashes, etc., were cast upon plaintiff's premises, and jarring and vibrating produced, that the damages ensued;" and it was there held that the plaintiff was entitled to recover both present and future damages; that "if he was confined to damages sustained between the time appellant commenced operating the plant and the date the action was commenced, he would be denied all substantial relief."

This action was brought for all damages arising from the causes set forth in the declaration and it was proper to admit · evidence as to the conditions surrounding the premises up to the date of trial. The evidence shows clearly that the well of defendant in error was polluted, and the value of the premises otherwise depreciated by the location and operation of the gas plant of plaintiff in error. The verdict of the jury was warranted by the evidence, and the damages are not excessive.

As we find no prejudicial error in the trial of the cause, the judgment of the Circuit Court will be affirmed.