## Mary A. Lowther, Appellant, v. Eclipse Oil & Gas Company et al., Appellees.

1. APPEALS AND ERRORS—*when finding of court not subject to review.* Where a case is tried before the court without a jury and no exception is taken to the finding and judgment, error cannot be assigned thereon in the Appellate Court; such exception must appear in the bill of exceptions.

2. APPEALS AND ERRORS—*when question of law not preserved.* If it is desired to preserve in the record the rulings of the court as to the law applicable to the case where the trial is by the court without a jury, the trial court should be required by propositions submitted to give its holdings as to the law.

3. APPEALS AND ERRORS—*when evidence presumed to support finding.* If the bill of exceptions does not purport to contain all the evidence it will be presumed that the court heard other evidence and that such other evidence so presumed to have been heard was sufficient to support the finding and judgment.

4. APPEALS AND ERRORS—*when ruling upon motion to withdraw pleas not subject to review.* In order to review the ruling of the court upon a motion to withdraw pleas, such motion, the ruling thereof and the exception to such ruling must be preserved by the bill of exceptions.

Replevin. Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

JOHN E. TURNER and WILLIAM P. WILSON, for appellant.

JAMES H. MARTIN, for appellees; M. D. MUGAN, of counsel.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellant brought an action of replevin for the recovery of a lot of machinery which she alleged was wrongfully taken and wrongfully detained by appellees. Pleas were filed of not guilty; also alleging property in all the defendants, also in each of them, and upon issues being joined, a jury was waived and the cause tried by the court. The court found appellant was not entitled to the possession of the property and awarded a writ of *retorno* and adjudged the costs against appellant.

The alleged errors relied upon in this court are that the court erred in entering a judgment against the appellant on the ground the judgment was contrary to the law and the evidence and that the court should have sustained the motion of appellee, Eclipse Oil and Gas Company, to withdraw its pleas and in not entering judgment against it under a stipulation entered into between said company and appellant wherein it was stipulated appellant should have a judgment against it for possession of the goods.

No exceptions are preserved in the bill of exceptions to the court's finding and judgment. Where a cause is tried by the court without a jury and no exception is taken to the finding and judgment, error cannot be assigned thereon in this court. Such exception must appear in the bill of exceptions. David M. Force Mfg. Co. v. Horton et al., 74 Ill. 310; Bailey v. Smith, 168 *id.* 84; Dickinson v. Gray, 72 Ill. App. 55.

No propositions of law were submitted to the court. If it is desired to preserve in the record the rulings of the court as to the law applicable to the case where

the trial is by the court without a jury, the trial court should be required by propositions submitted to give its holdings as to the law, otherwise the court of review cannot know there was error as to the law. Farwell v. Shove, 105 Ill. 61; Bank v. Haskell, 124 id. 587. Appellant in her brief makes no complaint of the rulings of the court on the admissibility of evidence and questions of law arising thereon are waived and not before us. The bill of exceptions does not show that it contains all the evidence. In such case it will be presumed the court heard other evidence and that it was sufficient to sustain the judgment. James v. Dexter, 113 Ill. 654.

The motion and stipulation and the court's rulings thereon on the motion of the Eclipse Oil and Gas Company to withdraw its pleas are not preserved in the bill of exceptions and cannot be considered. Such motions will not be so considered unless so preserved. Gaddy v. McCleave, 59 Ill. 182.

In this condition of the record and bill of exceptions no errors of law or fact are presented to this court for review and the judgment will be affirmed.

*Affirmed.*