A. J. HENDRICKS, Respondent, v. THOMAS D. EVANS, Appellant.

Kansas City Court of Appeals, June 22, 1891.

1. **Bailment**: BAILEE : SELLING : TITLE. A mere bailee is not authorized or empowered by the relation of bailment to convey title against the owner, even though the purchaser honestly believed him to be the true owner.

2.  **Conversion:** MEASURE OF DAMAGES : IMPROVED CONDITION. Where the defendant purchased a team of horses from plaintiff's bailee, and, when plaintiff demanded the same, put the horses out of his possession, the measure of damages is the value at the time of the demand, though the condition of the horses had improved since the purchase.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*H. Clay Daniel* and *J. S. Wooldridge*, for appellant.

(1)  Plaintiff delivered the horses and harness into the possession of Abbott, who was, therefore, rightfully in possession of them by plaintiff's own act. Possession is presumptive proof of ownership. 1 Greenl. Ev., sec. 34; *Jackson v. Love*, 33 Am. Rep. 687; 1 Thompson on Trials, sec. 1407; *Stephens v. Board of Education*, 32 Am. Rep. 510. (2) Where one of two innocent parties must suffer for the wrongful act of another, he must suffer who placed the party doing the wrong in a position to do it. *Neuhoff v. O'Reily*, 93 Mo. 164; *Bank v. Bank*, 71 Mo. 197; *Richardson v. Palmer*, 36 Mo. App. 95-6; Story on Agency [9 Ed.] sec. 127; *Preston v. Witherspoon*, 7 W. Rep. 71-75; *McNeil v. Bank*, 7 Am. Rep. 343, and cases cited; *Bank v. Railroad*, 7 Cent. Rep. 822. (3) Defendant was a *bona fide* purchaser for full value without notice, and is entitled to protection. "Where the owner holds out another or allows him to appear as the owner of, or as having full power of disposition over, the property, and innocent third parties are led into dealing with such apparent owner, they will be protected." 2 Rapalje on Estoppel, sec. 978; *Depew v. Robards*, 17 Mo. 580. (4) The court erred in giving instruction, numbered 2, asked by plaintiff. The conversion of the property took place

when the defendant purchased the property, took possession of it and controlled it as his own, and in a manner inconsistent with the alleged rights of the plaintiff. "The exercise of such a claim of right or dominion over the property as assumes that he is entitled to the possession, or to deprive the party of it, is a conversion." *Farnald v. Chase*, 37 Me. 290. (5) The refusal to deliver the property when demanded by the plaintiff was not a conversion. (6) In actions of trover and conversion the measure of damages is the value of the goods at the time of their conversion and interest. *Spencer v. Vance*, 57 Mo. 427, 430; *Carter v. Feeland*, 17 Mo. 383; *Polk v. Allen*, 19 Mo. 467; *Seibel v. Slemon*, 72 Mo. 531; *Nance v. Metcalf*, 19 Mo. App. 182; *Loeffler v. Packet Co.*, 7 Mo. App. 185; *Wahl v. Machine Co.*, 5 Mo. App. 597; 3 Pars. Con. [5 Ed.] p. 197.

*W. G. Cochran* and *Whitsitt & Jarrott*, for respondent.

(1) Appellant claims that possession is presumptive or *prima facie* evidence of ownership. This may be true as an abstract proposition of law, but it cannot apply to the case at bar. If appellant's theory is correct, any bailee or common carrier could sell property to any person who would "buy it in good faith," and the owner would have no remedy against the purchaser. (2) The authorities cited by appellant under his second and third propositions have no application to the case at bar. (3) The instruction, numbered 2, given by the court properly declared the law. The evidence was uncontradicted that on February 14, A. D. 1888, plaintiff was the owner of the property; that he was entitled to the possession of the same; that when demand was made defendant gave no excuse or explanation for keeping it. The conversion was then complete. Defendant claimed that he came into possession lawfully. If that was true he could not convert the same until after

he refused to deliver the same to the true owner. *Carter v. Feeland,* 17 Mo. 383.

ELLISON, J.—In December, 1887, plaintiff was in Kansas. He employed one Abbott to take a team of horses with harness to the state of Illinois. When Abbott reached Harrisonville, Missouri, he sold the property to defendant, the latter believing Abbott to be the owner. When plaintiff learned several weeks afterward that Abbott had sold the property he went to Harrisonville, and demanded his property. Defendant refused to deliver, whereupon plaintiff began a suit in replevin, but it seems that defendant put the property out of his possession so that it was not found by the officer ; thereupon plaintiff dismissed the replevin, and began the present action for conversion.

Defendant contends here that since plaintiff placed the property in the possession of his hired man, Abbott, and that he bought of Abbott, honestly believing him to be the true owner, he should now be protected. This will not do. Abbott was a mere bailee, and that the relation does not authorize or empower him to convey a good title against the true owner is too plain to require discussion.

II. When the horses were purchased by defendant they were lean, and in poor condition. At the time they were demanded by plaintiff they were much improved in flesh and strength. This has brought about a contention between the parties as to the measure of damages. The trial court instructed the jury to fix the value at the time of demand. Defendant says the conversion took place when he purchased, and that the value at that time with six-per-cent. interest is the true measure of damages. Our opinion is with the trial court. Much discussion is found in the books as to the measure of damages for the conversion of chattels where addition has been made to the value since the original conversion. The case of *Wetherbee v. Green,* 22 Mich. 311,

is an interesting one on this subject. There certainly can be no question that, where property has been wrongfully (though innocently) appropriated, the owner has a right to follow it into the hands of whosoever may have it, even though in the meantime it has increased in value by the addition of labor or money, provided there has been no substantial destruction of identity. As to what change of identity it should undergo in order to prevent a recovery in specie, and the owner be remitted to his action for damages, there is contrariety of opinion. But in the case at bar, the property being live animals, there is no question of identity, the only change being that made by an increase of flesh. It is preposterous to suppose that by fattening the horses defendant fed plaintiff out of his title. Therefore, plaintiff at the time of the demand was the owner of the horses, and was entitled to them *as they then stood*, and he could elect to treat the conversion as being made at that time. *Ellis v. Wire*, 33 Ind. 127; *Moody v. Whitney*, 38 Maine, 174, 177, 178; Cooley on Torts, 458, side p. Defendant by refusing to deliver the property to plaintiff, and by thwarting him in his effort to get it, converted it in its then present condition, and he should pay its value at that time. "The right to the improved value in damages is a consequence of the continued ownership. It would be absurd to say that the original owner may retake the thing by an action of replevin, in its improved state, and yet that he may not, if put to his action of trespass or trover, recover its improved value in damages." *Selsburg v. McCoon*, 3 N. Y. 379.

If the plaintiff had not chosen to assert his ownership to the specific property as improved, or in its improved state, a different question would have arisen, and much of the authority relied upon by defendant would be applicable to that state of case; for it will be noticed that we have not said anything to militate against the rule that the measure of damages in trover

is the value of the property at the time of the conversion with interest. In *Walker v. Borland*, 21 Mo. 293, cited by defendant, the rule is stated to be "to estimate the value at the time the injury was committed, and to allow interest to the time of the trial;" and we have done no more than this in this case. The injury was committed by the defendant when he refused to permit plaintiff to take his own.

The judgment is affirmed. All concur.