## Louis A. Roy and E. Raphael Nourse v. James B. Galloway, Francis O. Lyman and James Patton.

1. BILLS OF EXCEPTIONS—*Skeleton Forms—Exhibits.*—If it is desired to incorporate an exhibit into the record, it must be properly made a part of the bill of exceptions. Using the forms (here insert exhibits, etc.) and fastening the exhibits to the margin of the sheet with pins, is not sufficient.

**Memorandum.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

HURLEY & KOERNER, attorneys for appellants.

C. & A. R. R. Co. v. Robbins.

Adolph Traub, attorney for appellees.

Mr. Justice Gary delivered the opinion of the Court.

The bill of exceptions recites: "Mr. Traub: I offer these two documents in evidence. The Court: I will let the receipt in subject to your motion to strike it out. (Which ruling by the court was duly excepted to by counsel for defendants.) (Here insert 'Exhibits A and B.')" A little above those recitals there is stuck on to the margin of the page with a stout brass pin, a check and receipt with "Exhibit A" on the one and "Exhibit B" on the other. A postal card is "Exhibit D" similarly referred to and pinned on.

The next recital as to an exhibit is: "The plat referred to was offered in evidence by plaintiff's counsel, and marked 'Exhibit C' (here insert);" and a little way down the page a paper with "Exhibit C" on it, as we can see within the folds, is stuck on with two pins. We do not know what that paper is, as the pins confine it in folds.

Suppose these pins get loose, or it should be charged that the exhibits have been changed, how could we determine what is the record? Charles v. Remick, 50 Ill. App. 534.

Aside from this, the words of reference in the text of the bill are not sufficient to identify the documents. Page v. Northwestern Brg. Co., 54 Ill. App. 157.

There is no such showing of the proceedings below as will warrant a review here. The abstract shows no instruction, reasons for a new trial, or exception to anything, except as above quoted. We have many times decided that mere indexing does not make an abstract.

Altogether there is too much labor saved in presenting the case, and the judgment is affirmed.