## Charles Moe Co. v. J. H. Logue Co.

1. SALES—*Possession of Personal Property Will Not Protect Purchaser from the Effects of a Demand by the Real Owner.*—Possession of personal property is indicative of title, but it is not title; and it alone will not protect the purchaser from the effects of a demand by the real owner.

Charles Moe Co. v. J. H. Logue Co.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 28, 1903.

GOODRICH, VINCENT & BRADLEY, attorneys for appellant.

L. H. CRAIG, attorney for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

October 18, 1901, Logue, the president of appellee, gave a diamond to one Stein, to show to a prospective customer. It was not given to Stein to sell. He was to return it at 2 P. M. of the same day, as another customer had the refusal of it. Instead of carrying out this agreement Stein pawned the stone to appellant for $100. Logue made demand on appellant for its return. The latter refused to comply unless the sum it had loaned upon the diamond was repaid. Thereupon appellee brought replevin, and recovered a judgment for $160, from which judgment this appeal was taken.

The claim that the diamond which appellant received in pawn from Stein is not shown to be the diamond intrusted by appellee to Stein, is not well founded. The diamond was pawned by Stein the same day he received it. When the return of the stone was demanded the reply was not that it did not belong to appellee, but was that appellant would not surrender it until the $100 advanced thereon had been refunded. Moe, the president of appellant, says:

"I know the plaintiff in the case, and I know one Maurice Stein, from whom I received the diamond in pawn some time in last October. He came to my store and pawned this diamond."

The evidence justified the jury in finding, as they did by their verdict, that the diamond converted by Stein when he fraudulently turned it over to appellant, was the one he received from appellee.

It is an elementary rule of the law of personal property that no man can be deprived of it without his consent, or by operation of law. Another fundamental rule is that no one can sell a right which he does not have; that the pur-

chaser takes nothing more than the rights of his vendor. With us the exceptions to this last rule arise only where the property is money or negotiable paper. In all other cases the purchaser can not retain the property as against the owner unless it appear that the seller, by sale and delivery to him, though induced by fraudulent pretenses, had the *indicia* of title. Possession of personal property is indicative of title, but it is not title; and that alone will not protect the purchaser from the effects of a demand by the real owner. Cox v. McGuire, 26 Ill. App. 315; Branson v. Heckler, 22 Kas. 610; Agnew v. Johnson, 22 Pa. St. 471.

In Fawcett v. Osborn, 32 Ill. 411, a large quantity of hides had been intrusted by the plaintiffs to a firm of tanners to be manufactured into leather. The hides when tanned were to be delivered in New York City to the plaintiffs, who were to sell them and to divide the net profits with the tanners. Some of these hides were clandestinely shipped by a member of the tannery firm to the city of Chicago. The defendants purchased four thousand of these hides from an agent of the shipper and made payment therefor. The plaintiffs traced the hides and demanded their return. The defendants refused to surrender them, claiming that they bought the property in good faith, in the regular course of business, paying a full price in the open market, having no knowledge of a want of title in their vendor, in whose possession the property was when purchased by them. The court say:

" Under such circumstances to say that this felonious bailee could confer a title on a purchaser by any sale he could make, is saying what common sense, justice or correct legal principles will not sanction. Defendants' vendor had not a shadow of title, and therefore could convey none by a sale. * * * The vendor had but a naked possession. This can not prevail against the right of the real owner, who is entitled to follow his property and reclaim it wherever found."

In Burton v. Curyea, 40 Ill. 333, the Supreme Court again state the law governing this case:

" If the person pledging the property is the owner, the

security is good to the extent of its value.  \* \* \*  But if he is not the owner, if he has stolen it, or if he is a bailee merely, and is attempting to make a fraudulent use of the property intrusted to his keeping, a person purchasing or receiving the property does so in subordination to the title of the true owner.  These are risks which men engaged in business must be content to encounter, and against which the law can afford them no protection.  The law can punish roguery, but it can not secure persons against losses from its multifarious devices."

In every case cited by appellant there was either a conditional sale with an unconditional delivery, or there was an unconditional sale with a conditional delivery, or the thing sold was money or negotiable paper.

The five findings tendered by appellant were properly refused.  No one of them states the law correctly.

The judgment of the Circuit Court is affirmed.