## Moritz Schwartz v. James W. Clark.

### Gen. No. 13,463.

1. CONVERSION—*when bailee guilty of.* An unauthorized sale by a bailee is a wrongful conversion.

2. PAWN BROKER—*when acquires no title in pledge.* If the pledge is obtained from a party who has embezzled the same, the pawn broker acquires no title thereto. The true owner may recover the same or the value thereof in an appropriate action instituted for that purpose.

Trover. Error to the Municipal Court of Chicago; the Hon. JAMES H. HUME, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed October 3, 1907.

**Statement by the Court.** This is a writ of error sued out by plaintiff in error, for the purpose of procuring a reversal of a judgment for $300 and costs recovered against him by defendant in error, plaintiff below. The plaintiff, James W. Clark, is engaged in the jewelry business in Chicago, under the name of Marquardt, Scott & Co., and had in his employ during the fall of 1905, and until about February, 1906, as a city salesman, one Robert J. Walker. The plaintiff sometimes sold jewelry on what is called the in-

stalment plan, but also sold for cash, and it was Walker's duty, if he sold any of plaintiff's jewelry for cash, to report the same at plaintiff's place of business with the cash. He had no interest in the jewelry delivered to him, or in any part of the purchase price if he sold the same. He received, as compensation for his services, a percentage on sales made by him. He was expected to sell jewelry throughout the city of Chicago, and for that purpose a line of samples, watches, diamonds, rings, etc., was delivered to him.

Plaintiff's manager, Edward G. Rellihen, some time in February, 1906, delivered to Walker, for the purpose stated, three diamond rings, one diamond a carat and three-quarters, and two others, one about a quarter and the other three-eighths carat. Walker, February 24, 1905, pawned the first mentioned ring with the defendant, Moritz Schwartz, who is a pawnbroker in the city of Chicago, for the sum of $150, which was registered in defendant's book in the name "J. Rogers." The other two rings, he procured a man, who he says was a friend of his, to pawn, and the latter pawned them with the defendant between March 16 and March 24, 1906, for the sum of $35. The entry of the transaction on defendant's book gives the name of the pawner as "W. P. Collins," and the pawn ticket runs to "W. P. Collins."

Plaintiff's manager, having received information that defendant had the rings, went to his place of business with two detectives and, after looking over defendant's register, which defendant produced, asked to see a ring registered therein, which was produced, and the manager identified it as the most valuable of the rings. Later the manager found the other two rings in the defendant's possession. Rellihen, the manager testified: "I told him that was our property and it was stolen goods, and they put it back. He said I would have to show him it was our ring. After this conversation I saw the other two articles there also. The same parties were with me at that time. At that time I said these were part of the same goods we were seeking, and asked for the goods. He put them in the safe and said we could not have them."

There is a conflict in the evidence as to the value of the rings. Rellihen testified that their total cash value was $325, and defendant testified the total value, when the articles were pawned, was between $250 and $260. The cause was tried by the court, without a jury, and the court found for plaintiff and assessed his damages at the sum of $300 and rendered judgment accordingly.

F. L. SALISBURY and M. MARSO, for plaintiff in error.

HARVEY STRICKLER, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.
Plaintiff in error's counsel rely on two propositions for reversal: First, that plaintiff having put it in the power of Robert J. Walker, the salesman in his employ, to represent himself as the owner of the property, he, and not the defendant, should suffer the loss; second, that there was no sufficient demand for the return of the property.

Robert J. Walker was a bailee of the plaintiff's property, for the purposes mentioned in the preceding statement, and had no authority to transfer it to the defendant, except on a sale to the defendant for cash, and, in pawning it to defendant, in consideration of money advanced by the latter to him, he wrongfully converted it to his own use. An unauthorized sale by a bailee is a wrongful conversion. 3 Am. & Eng. Ency., 2d ed., p. 754, and cases cited. Grant v. King, 14 Vt., 367; Calhoun v. Thompson, 56 Ala., 166, 171; Medlin v. Wilkerson, 81 ib., 147; Lovejoy v. Jones, 31 N. H., 164; Swift v. Royal Mosely, 10 Vt., 208; McGinn v. Butler, 31 Ia., 160; Hendrick v. Evans, 46 Mo. App., 313; Rankin v. Shepardson, 89 Ill., 445.

The cases cited related to sales by a bailee without the authority of the owner, but manifestly there is no distinction in principle between an unauthorized sale by a bailee and an unauthorized transfer of possession to another as a pledge for money loaned. Walker, in pawning the goods to the defendant, embezzled them and, in view of their value, was

guilty of felony under the statute. Hurd's Rev. Stats. 1905, p. 707, section 170 a; State v. Adams, 108 Mo., 208; State v. Samuels, 111 *ib.*, 566. In the last case jewelry was entrusted to the defendant for sale, as in the present case, and he pawned the jewels, as did Walker. The defendant, Schwartz, acquired no title to or lien on the goods by the transaction, and he is liable to the plaintiff for the value of the goods, which he refused to deliver to plaintiff. Grant v. King, 14 Vt., 367.

In Medlin v. Wilkerson, 81 Ala., 147, the court say: "The purchaser in such case is charged with notice of the true ownership of the property, and buys at his peril," citing cases.

In Hendricks v. Evans, *supra,* the court say: "Defendant contends here that since plaintiff placed the property in the possession of his hired man, Abbott, and that he bought of Abbott, honestly believing him to be the true owner, he should now be protected. This will not do. Abbott was a mere bailee, and that the relation does not authorize or empower him to convey a good title against the true owner is too plain to require discussion." Others of the cases cited *supra* are to the same effect. See, also, Johnson v. Willey, 46 N. H., 75; Partridge v. Philbrick, 60 *ib.*, 556; Thirlby v. Rainbow, 93 Mich., 164; Thrall v. Lathrop, 30 Vt., 307; Ashland Block Association v. Edward Thompson Co., 94 Ill. App., 501. In the last case the goods were mortgaged to the appellant by one whom the court held to have been a mere bailee, and the appellant purchased the goods on the foreclosure sale under the mortgage. In the concluding part of the opinion the court say: "If the transaction was in fact a bailment only, then whether that fact was known to appellant or not, the bailor is in law entitled to his goods as against appellant, to whom they were wrongfully conveyed by the bailee."

Counsel for defendant rely on Butters v. Haughwort, 42 Ill., 18. In that case it was claimed by certain New York merchants that they sold the goods in question to one Morgan, induced thereto by false representations made to

them by Morgan, and that Morgan subsequently sold them to one Duncan, the consideration for the sale being a pre-existing indebtedness due from Morgan to Duncan, and Morgan's vendors claimed that Duncan knew that Morgan obtained the goods from them by false and fraudulent representations. The controversy was between Morgan's vendors and Duncan, his vendee. The court held, in substance, as matter of law, that a pre-existing debt is a sufficient consideration for the sale of a chattel, and that if Duncan, Morgan's vendee, purchased the property from Morgan in good faith, and without any knowledge of fraudulent representations made by Morgan to his vendors, Duncan took title. The case has no application to the present case. The court, Mr. Justice Breese delivering the opinion, took pains to distinguish the case from "a mere bailment," *ib.* p. 30, citing Fawcett v. Osborn, 32 Ill., 411, in which case the same learned justice delivered the opinion. In that case W. H. and F. Stephens, tanners, were bailees of certain hides, to be tanned by them, and, when tanned, to be delivered to the plaintiffs. F. Stephens sold the hides to the defendants, who paid him for them. The court held the plaintiffs were entitled to recover, saying, among other things: "The defendant's vendor had but a naked possession. This cannot prevail against the right of the real owner, who is entitled to follow his property and reclaim it wherever found. The buyer should have taken care that the title was in his vendor. He having no title, the defendants acquired none."

A sufficient demand on the defendant for the goods was proved by the testimony of Rellihen, the plaintiff's manager, and is not denied by the defendant or any other witness. Very respectable authorities have held that in such a case as the present no demand is necessary. Counsel for defendant, while saying they rely on the two contentions above mentioned, object that propositions 4, 5, and 6, submitted by them to the court, to be held as law, are correct propositions and should have been so held. The court properly marked each of the propositions "Refused."

The judgment will be affirmed.

*Affirmed.*