tations which they by their appearance for complainants in the trial assumedly made to the trial judge and which eventuated in the decree complained about. Whatever the fact may be, the record before us shows affirmatively that the Gindeles were alive at the time the decree was entered. That record only is before us for review and we cannot *dehors* that record assume that they are dead. Furthermore, the parties to this writ of error, as appears from the record, are not the same as the parties to the decree in the trial court. This violates the well-settled rule of practice in this State that they must be. *Wuerzburger v. Wuerzburger*, 221 Ill. 277.

For the reasons above given we are of the opinion the writ of error was improvidently sued out and that the motion to dismiss must be sustained.

The writ of error is accordingly dismissed.

*Writ dismissed.*

---

**August Leroy, Plaintiff in Error, v. Minerva V. Scott, Defendant in Error.**

**Gen. No. 21,632.   (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. JOHN H. FORNOFF, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

**Statement of the Case.**

Action by August Leroy, plaintiff, against Minerva V. Scott, defendant.

It is stated in the abstract that the declaration is in an "action of debt on a foreign judgment laying damages $79.50."· It appears that a judgment by default was entered and then set aside; that pleas of *nil debet*

and of *nul tiel record* were subsequently filed; that a replication to the plea of *nul tiel record,* concluding with a verification, was filed, and that an *ore tenus* demurrer to the plea of *nil debet* was sustained. Then follows the judgment of *nil capiat,* which recites that submission of the cause for trial by the court was pursuant to the stipulation of the parties. Subsequent to the entry of the judgment, defendant filed, by leave of court, a plea of *puis darrein continuance.* No issue was joined on this plea. Plaintiff then moved to vacate the judgment, and the motion being overruled brings error.

ROBERT H. HOLMES, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 892*—*when judgment affirmed where abstract insufficient.* The abstract of the record is the pleading of the plaintiff in error beyond which a court of review will not look for grounds of reversal, and the judgment will be affirmed where the abstract is practically nothing more than an index of the record, and fails to show any error of procedure or in the pleadings, even though it is accompanied by a full transcript.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.