## John A. Abel and Edward C. Abel, copartners, trading as Abel Brothers & Company, Appellants, v. George M. Poe, trading as George M. Poe & Company, Appellee.

### Gen. No. 21,878.

1. SALES, § 1*—*when evidence sufficient to show transaction to be a sale.* In an action of trover, evidence examined and *held* to show that as to certain articles involved the transaction was a sale vesting title, and as to others that the title was retained by the shipper.

2. SALES, § 436*—*when third person purchasing goods sold on memorandum does not acquire title.* Where goods are sold to a buyer on memorandum, the seller retaining title, the third person receiving them in pawn from the buyer does so at his own risk and gains no title by the transaction, the title remaining in the seller, whether or not such third person has knowledge of the illegal conduct of the buyer in pawning such articles.

3. CONTRACTS, § 205*—*what is duty of court in an action on a written contract.* In an action of trover where the transaction involved are in writing and made the contract of the parties, it is the duty of the court to construe the contract and instruct the jury as to its legal import.

4. APPEAL AND ERROR, § 1316*—*when instructions presumed in accordance with law.* Where the appellant complained of instructions given by the court at the appellee's request and set forth in the abstract these particular instructions but failed to set forth any of the instructions given by the court, the trial court will not go to the record to ascertain what instructions the court gave but will assume that they were in accordance with law and sufficient to cure any defect appearing in the instructions objected to.

5. SET-OFF AND RECOUPMENT—*when not permissible in action of tort.* An action in assumpsit cannot be set off in an action of tort.

6. PAWNBROKERS AND SECONDHAND DEALERS, § 5*—*when evidence insufficient to show lien in action of trover.* In an action against a pawnbroker for trover, evidence examined and *held* insufficient to show that defendant had, under an agreement with a third person, a lien on the articles in question for the payment of the claim set up by it.

7. TROVER AND CONVERSION, § 31*—*when demand for return of articles unnecessary.* In an action of trover to regain goods pawned with defendant by person having no title to them, no demand for the return of such articles is necessary to render defendant liable.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. EVIDENCE, § 160*—*when evidence of attempt to compromise inadmissible.* Conversations between the parties to an action of trover or their representatives in an attempt to effect a compromise are not admissible as evidence.

9. APPEAL AND ERROR, § 897*—*when loose document in record not reviewable.* Loose documents contained in an envelope between pages of the record and designated on the envelope as "Exhibits referred to in stenographer's report and incorporated therein by reference thereto," but having no earmarks to identify them, cannot be resorted to on review.

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1916. Rehearing denied May 15, 1916.

FRANKLIN N. WOOD and A. E. MANHEIMER, for appellants.

LESLIE H. WHIPP, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal by plaintiffs from a judgment of *nil capiat* entered upon the verdict of a jury. The action was replevin, but the goods sought not being taken on the writ, the cause proceeded to trial as in cases of trover.

The plaintiffs are jewelers in New York and defendant is a pawnbroker in Chicago. The controversy involves nine pieces of jewelry of the claimed value of $2,500. All of these nine pieces of jewelry were by plaintiffs consigned to the "Globe Importing Company" of Chicago for sale "on memorandum." With each shipment was sent a bill containing the following provision: "The conditions of this memorandum bill is that these goods remain our property and we reserve the right to charge the same to you or to have them returned to us. The limit of time for selection is five days from receipt of goods." The Globe Importing Company pledged the jewelry in dispute with plaintiffs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Two defenses were interposed: One that the title of the jewelry passed to the Globe Importing Company; the other that defendant, under an agreement with the Pinkerton National Detective Agency, made in behalf of plaintiffs, with authority, that if defendant would return the goods in suit to plaintiffs they would reimburse defendant for all the advances made by him upon the articles with interest at three per cent. a month, and that defendant counterclaimed for the amount due him under this agreement. The affidavit setting up this counterclaim was subsequently stricken from the files on motion of plaintiffs at the close of defendant's evidence, although the record discloses that evidence was received in an attempt to establish this counterclaim.

Our decision, however, will eliminate from the case the counterclaim of defendant, and we will therefore proceed to determine the effect of the defense first interposed, viz., whether the title of the articles in question passed to the Globe Importing Company.

On July 3, 1914, the Globe Importing Company returned to plaintiffs certain articles, retaining four, three of which, marked A 10327, A 27865 and A 27966, are part of the nine articles involved in this case, and said in its letter accompanying the articles: "You will, therefore, greatly oblige by sending us a bill of sale for same, as per your terms mentioned in your letter of June 25, and we hope that we will be able to do a large business in the future." Four days thereafter plaintiffs acknowledged the receipt of both letter and package, stating: "Herewith are cancelled memo bills and also charge bill for the four diamond rings retained."

The undisputed correspondence between the parties stamps the transaction as to these four articles as a sale vesting the title in the Globe Importing Company. As to the other six articles, there is no evidence of a sale nor any evidence that the terms of the memorandum

under which they were sent, viz., that the goods should remain the property of plaintiffs, were departed from. As to these six articles, defendant received them in pawn at his own risk and gained no title by the transaction, the title remaining in plaintiffs. *Lenz v. Harrison,* 148 Ill. 598. Plaintiffs contend as to the three articles, A 10327, A 27865 and A 27966, that they were pawned while the memorandum stage of the transaction existed. In this regard plaintiffs failed to establish their contention. When the Globe Importing Company pawned the six articles they were guilty of a tortious act, and under section 243, ch. 38, (J. & A. ¶ 3896) and section 9, ch. 107a, Rev. St. (J. & A. ¶ 6711), plaintiffs could not be divested of their title regardless of whether defendant had knowledge of the illegal conduct of the pawner or not. As the Globe Importing Company had no title it could not confer one upon defendant. No sale or pledge by the Globe Importing Company of the articles, the title of which was in plaintiffs, could deprive plaintiffs of their right to recover the same from defendant. *Fawcett, Isham & Co. v. Osborn, Adams & Co.,* 32 Ill. 411. The rule of law is well stated in an opinion by Mr. Presiding Justice Ball in *Charles Moe Co. v. J. H. Logue Co.,* 108 Ill. App. 128, where he says:

"It is an elementary rule of the law of personal property that no man can be deprived of it without his consent, or by operation of law. Another fundamental rule is that no one can sell a right which he does not have; that the purchaser takes nothing more than the rights of his vendor. With us the exceptions to this last rule arise only where the property is money or negotiable paper. In all other cases the purchaser cannot retain the property as against the owner unless it appear that the seller, by sale and delivery to him, though induced by fraudulent pretenses, had the *indicia* of title. Possession of personal property is indicative of title, but it is not title; and that alone will not protect the purchaser from the effects of a demand

by the real owner." *Schwartz v. Clark*, 136 Ill. App. 150.

The transactions involved were in writing and made the contract of the parties. It was incumbent upon the court, therefore, to construe the contract and to instruct the jury as to its legal import. *Graham v. Sadlier*, 165 Ill. 95; *Danziger v. Pittsfield Shoe Co.*, 204 Ill. 145.

Plaintiffs complain of certain instructions given by the court at the request of defendant, and set forth in the abstract these particular instructions, but have failed to set forth any of the instructions given by the court. In this condition of the abstract we will not go to the record to ascertain what instructions the court gave, but will assume that they were in consonance with the law and sufficient to cure any defect which may appear in the instructions objected to. *Leroy v. Scott*, Gen. No. 21,632, 198 Ill. App. 491; *Village of Des Plaines v. Winkelman*, 270 Ill. 149.

Defendant cannot in this action set off his counterclaim for services and disbursements under the agreement with Pinkerton. An action in assumpsit cannot be set off in an action of tort, and there is no evidence in the record justifying the conclusion that defendant had under the agreement with Pinkerton a lien on the articles in question for the payment of its claim. No demand for the return of the articles was necessary. *Farwell v. Hanchett*, 120 Ill. 573.

Conversations between the parties or their representatives in an attempt to effect a compromise were not admissible as evidence.

In a manilla envelope between pages 377 and 378, of the record there are sundry loose documents, which are designated on the envelope as "Exhibits referred to in stenographer's report and incorporated therein by reference thereto." They have no earmarks to identify them. They are liable to be lost and, for aught we know, many may have been. If they were

material to our review, they could not be resorted to for that or any other purpose. The remark of the court in *Roy v. Galloway,* 54 Ill. App. 610: "Suppose these pins get loose, or it should be charged that the exhibits have been changed, how could we determine what is in the record?" is equally applicable here. These loose documents should have been copied into the bill of exceptions.

For the errors indicated, the judgment of the Municipal Court is reversed and the cause is remanded for a new trial in accord with this decision.

*Reversed and remanded.*