## J. S. Ziegler Company, Appellant, v. Jewel Tea Company, Appellee.

### Gen. No. 22,734.

APPEAL AND ERROR, § 1303*—*when presumed that missing exhibits justified decree.* Where a certificate of evidence recited the introduction of certain exhibits which were necessary to a proper disposition of the case, but they did not appear therein, although certain labels, packages and bottles in the custody of the clerk might be supposed to be such missing exhibits but were not contained or described in the certificate of evidence, nor attached to the record, nor identified by a certificate of the trial judge, nor otherwise so identified that it could be determined that they were such exhibits recited as having been introduced, *held* that such missing exhibits would be presumed to justify the decree appealed from.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917. Rehearing denied January 2, 1918. *Certiorari* denied by Supreme Court (making opinion final).

JOSHUA R. H. POTTS, for appellant; BRAYTON G. RICHARDS and ARTHUR A. OLSON, of counsel.

STEIN, MAYER & STEIN and ALBERT W. DE LA TOUR, for appellee; SYDNEY STEIN, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by J. S. Ziegler Company, a corporation, complainant below, from a decree of the Circuit Court of Cook county dismissing its bill of complaint for want of equity.

Appellee urges that the certificate of evidence is incomplete in that exhibits which were produced and offered by both complainant and defendant are not contained therein, and urges that the decree, therefore, be affirmed.

The certificate of evidence recites the introduction of certain exhibits but they are not made to appear

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

therein.   The following is a sample of the condition of the record in respect thereto:

"Mr. Potts:   Q.   When was that label printed?   A. That was printed in the spring.   I think in the month of June, 1913.

"The Court:   You offer that in evidence, and there is no objection, I understand.

"Mr. Stein:   No objection.

"Said paper was thereupon received in evidence and marked 'Complainant's Exhibit 1' and is in the words and figures as follows, to-wit."
But no label is attached or described.

Substantially the same condition of the record exists as to complainant's exhibits 2, 3, 4, 5, 6, 6a, 12 and 14, and defendant's exhibits 1, 2, 9, 10 and 11.

There appears in the record an order entered in the cause to the effect that it was the opinion of the trial court that an inspection of the original packages and labels offered or introduced in evidence at the trial was important to a correct decision of the case on appeal; that said original packages and labels should be delivered to and retained in the custody of the solicitors for the respective parties and they should be delivered to and filed with the clerk of the Appellate Court with the authenticated copy of the record by the respective solicitors upon due notice.

We find in the custody of the clerk of this court certain labels, packages and bottles which, if we were permitted to guess, we might conclude were a part of the missing exhibits, but they are not contained nor described in the certificate of evidence, nor attached to the record, nor identified by a certificate of the trial judge, nor otherwise so identified that we can determine that they are the same exhibits that appear as aforesaid to have been offered in evidence.   A certificate of evidence or bill of exceptions is in the nature of a pleading which is taken most strongly against the party who presents it, and error being assigned upon the matters and things contained in the certificate of

evidence, we must, in the absence of these exhibits which were manifestly necessary for a proper determination of the case, presume that if they were made a part of the record, they would show that the trial court was justified in entering the decree appealed from. *Abel v. Poe,* 199 Ill. App. 391; *Roy v. Galloway,* 54 Ill. App. 610; *Fred Miller Brewing Co. v. Beckington,* 54 Ill. App. 191; *Spangenberg v. Charles,* 44 Ill. App. 526; *Imperial Hotel Co. v. H. B. Claflin Co.,* 55 Ill. App. 337.

The decree of the trial court will, therefore, be affirmed.

*Affirmed.*