OF

# ILLINOIS.

24  417
21a 197

## SECOND GRAND DIVISION.

### JANUARY TERM, 1867.

SILAS PETERS

*v.*

ANDREW J. SMITH.

1. FRAUD —*possession of personal property.* The possession of personal property is *prima facie* evidence of ownership, but it may in most cases be rebutted. The possession of agents, factors, brokers, common carriers, warehousemen, mechanics and bailees of like character is not fraudulent *per se.* In such cases the possession must be shown to accompany the ownership to render such property liable for the debts of the custodian of the property.

2. SAME. Cattle or other stock may be placed in the hands of an agister, and be held for the true owner as against the creditor of the bailee. So of property hired or borrowed for temporary purposes, and no reason is perceived why a farmer may not hire or borrow stock and implements with which to prosecute his business.

3. BAILMENT —*under the statute.* The second section of the statute of frauds has provided that a loan of chattels may be made by parol, not to last more than five years. If it shall continue, however, for a longer period, it is declared to be fraudulent, unless the loan, limitation or reservation is made by will or deed in writing, duly, acknowledged and recorded. *Under this enact-*

27 — 42D ILL.

ment a loan of personal property may be for five years by parol agreement and protected by the statute, unless fraud is shown.

4. Same — Where a person has failed in business, and surrendered his property for the benefit of his creditors, and enters upon and cultivates a farm belonging to his wife, and his brother purchases the stock and implements necessary to prosecute the business, and loans it to him, but no definite time is fixed for the termination of the loan, and a creditor of the debtor recovers a judgment on a debt incurred while the debtor was in business and seizes the property thus loaned to the debtor, — *Held*, that the true nature of the transaction may be shown, and that the loan and possession of the property was not, of themselves, a fraud upon creditors of the borrower, even when he had under authority sold a portion of the chattels and replaced them with other property.

Appeal from the Circuit Court of Clark county ; the Hon. Hiram B. Decius, Judge, presiding.

This was an action of replevin, brought by Silas Peters, in the Clark Circuit Court, against Andrew J. Smith. The declaration proceeded for the recovery of a quantity of stock and farming implements. Defendant filed three pleas ; first, *non cepit;* second, property in defendant ; third, property in William S. Peters. Issues were formed, and, by agreement of the parties, the cause was tried by the court without the intervention of a jury.

On the trial, plaintiff proved that he purchased the property and placed it in the hands of his brother, William S. Peters, to be used by him in prosecuting the business of farming until it should be wanted by plaintiff. It also appears that William S. Peters had been engaged in mercantile business in Ohio, with one Young : that they had failed, and applied their property, so far as it would go, to the payment of their debts ; that William S. Peters came to this State and commenced farming on a tract of land his father-in-law gave to his wife. And plaintiff purchased some five or six hundred dollars' worth of stock and farming implements and placed them in his hands to be used in the prosecution of the business until plaintiff required them to be returned. It also appears that William S. Peters sold a part of this property and supplied its place by the purchase of other property with the proceeds of such sales. And he testifies that he had authority to do so, conferred by

his brother. The property seems to have been placed in his hands some time in the fall of 1859 or the first of the year 1860.

It appears, that, at the April Term, 1861, Stix, Krouse & Co., recovered a judgment against William S. Peters on a debt against him and Young, for $340.71. An execution issued upon this judgment, was levied upon this property in the latter part of November, 1863, by defendant, who was then the sheriff of Clark county, and to whom the execution was directed.

After hearing the evidence, the court found the issues for defendant. Whereupon plaintiffs entered a motion for a new trial, which the court overruled, and rendered a judgment for the return of the property; and plaintiff brings the case to this court by appeal, and asks a reversal of the judgment.

Mr. JOHN SCHOLFIELD, for the appellant.

1. The court below decided this case upon the hypothesis that *bare possession* of personal property is sufficient to prove ownership, even against positive countervailing proof. The testimony of William S. Peters and Isaiah Stephens is positive, that the property in controversy belonged to the appellant and not to William S. Peters, and they are corroborated by Unzicker and Howe, and contradicted by nobody. It was proved that William S. Peters was in possession of the property, exercising acts of ownership over it; but it was also clearly proved that his possession was that of a bailee or agent, and not that of owner.

2. It is conceded that possession of personal property is *prima facie* evidence of ownership; but the possession may be accompanied with such circumstances as to rebut such presumption. *Bergen* v. *Riggs*, 34 Ill. 170. Even a loan of property by the purchaser to the seller, for a temporary purpose, or the employment of the seller to use the property in pursuit of the business of the purchaser, will not avoid the sale, and render the property liable to sale on execution issued after the purchase. *Brown* v. *Riley*, 22 Ill. 52.

3. The principle that " if a person sell personal property and does not deliver it to the vendee, there being no agreement in the bill of sale that the possession should remain with the vendor, the sale will be deemed fraudulent as to the creditors of the vendor," (*Bay et al.* v. *Cook*, 31 Ill. 336,) has no application to this case. There is no pretense in the evidence that the property in controversy was sold by William S. Peters to the appellant. The property was purchased of other parties, and the only question was, whether it was purchased for appellant or William S. Peters.

4. Fraud is never presumed; it must always be proved either by direct or circumstantial evidence. When there is no evidence of fraud, neither the court nor the jury have the right to infer or presume it. *Wright* v. *Grover et al.*, 27 Ill. 430. The fact that William S. Peters used and managed the property as his own, and sometimes neglected to explain that he was merely an agent, but called the property, or spoke of it, as his own, is referable to and explained by the character of his agency as proved.

Messrs. DELANEY & ALLEN, for the appellee.

It is the policy of the law, when property is to be held, used and enjoyed by one, while it belongs to another, to require that the public shall be put upon notice of the fact. Hence, when property is under mortgage and the mortgagor retains possession, his right to do so must appear on record; so jealous is the law in regard to the rights of creditors, that the courts have so decided.

All conveyances of goods and chattels, where the possession is permitted to remain with the donor or vendor, are fraudulent *per se*, and void as to creditors, unless the retaining possession be consistent with the deed. *Thornton* v. *Davenport*, 1 Scam. 296.

A chattel mortgage of goods, where it is provided that the mortgagor shall retain possession and sell the goods, or dispose of them in any way, for an indefinite period of time, is fraudulent and void as against creditors. *Davis* v. *Ransom*, 18 Ill. 396; and, to same effect, *Read* v. *Wilson*, 22 id. 377.

Suffering property to remain with the mortgagor after a default in payment, is a fraud *per se*, not subject to explanation. *Reed* v. *Evans*, 16 Ill. 594.

Possession should accompany the title to personal property, or a sale will be void *per se*, as to creditors without notice, and not open to explanation, unless the deed be properly acknowledged or it be expressly stipulated otherwise. *Thompson* v. *Yeck*, 21 Ill. 73.

So likewise the possession of property by a donor is fraudulent of itself, as to creditors, unless there is a written stipulation for retaining such possession.

To pass the title to personal property, as regards third persons, there must be a change of possession, so that others may not be deceived and defrauded by the apparent ownership of one, while the title is really in another. *Ketchum* v. *Watson*, 24 Ill. 591.

The possession of personal property is *prima facie* evidence of ownership. *Brownell* v. *Dixon*, 37 Ill. 197.

These cases, while not directly in point, there being no written and recorded instrument explaining the possession of the property, serve to show the necessity of discountenancing transactions where property may be covered up, to the prejudice of creditors ; and if such case is necessary where the transaction is reduced to writing, acknowledged and recorded, how much more suspicious is a transaction where there is no written instrument, no written acknowledgement and no record.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

Is the possession of property, for three or four years under a loan, a fraud on creditors, such as will render it liable to execution against the borrower ? Or may the ownership and the *bona fides* of the transaction be shown to defeat a levy and sale ? In this case no attempt, beyond the transaction itself, is made to prove it fraudulent. It appears that defendant in execution, having failed as a merchant, in Ohio, and having surrendered

his property to his creditors, came to this State and went on a farm owned by his wife, given to her by her father; that his brother purchased and placed in his hands about five hundred dollars' worth of property, consisting of stock and utensils suitable for conducting a farm; that, between three and four years afterward, one of the creditors sued Wm. S. Peters, on a debt contracted by him while engaged in merchandising in Ohio, recovered judgment, issued execution and had it levied on this property. It appears, that defendant in execution, during the time he had it in possession, used it and sold portions of it, as owners of such property usually do. But the neighbors seem to have known that it was claimed to belong to appellant.

The interests of commerce, trade, and the varied business of all civilized people, require that no inconsiderable amount of their business shall be done by the intervention of agents, factors, brokers and bailees of some description. Factors, brokers, common carriers, warehousemen, mechanics and manufacturers, are constantly intrusted with large amounts of goods and material, for sale, transportation, safe keeping, or to be manufactured into wares and merchandise. In such cases, it is conceded by all, such possession is not, of itself, fraudulent, but, if fraudulent, it must be established by evidence. In such cases the possession does not accompany the ownership. It is true, the mere possession, generally, is *prima facie* evidence of ownership in the person having the custody of the property, but this presumption may be rebutted by proof of the true ownership. But, in the hands of carriers and warehousemen, the possession usually is such that it does not even raise a presumption that they are the owners of the property.

Large quantities of material are constantly being placed in the hands of artificers and manufacturers, for the purposes of being converted into goods, wares and merchandise, and yet it is permitted to the owner to prove and hold his property, unless the transaction is tainted with fraud in fact. And it is believed, that, so far as it relates to trade and commerce, the rule has always obtained, that the character of the transaction may be shown.

The rule seems to be equally well settled, that stock in the hands of an agister may be held by the true owner, as against the creditors or even vendees of the agister. Property hired or loaned for temporary use falls within the same rule; and no reason is perceived why a farmer may not hire or borrow stock and implements to carry on his business, or why the wealthy may not, of their abundance, leave their property to a poor neighbor or relative, to enable them to obtain a livelihood, without forfeiting the ownership. To so hold, would cut off all the aid that may be kindly extended by the affluent to the industrious poor, who are willing, but unable, to contribute to the production, so essentially necessary to the support and well-being of society. The prosperity of communities is, in this manner, advanced perhaps to an equal extent as in other cases of bailment, which is fully sanctioned and protected by the laws of all countries.

But the second section of the statute of frauds and perjuries (R. S. 259) declares, that, "where any loan of goods and chattels shall be pretended to have been made to any person, with whom, or those claiming under him, possession shall have remained for the space of five years, without demand made and pursued by due process of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of an use, or property by way of condition, reservation, remainder or otherwise, in goods or chattels, the possession whereof shall have remained in another, as aforesaid, the same shall be taken, as to creditors and purchasers of the person aforesaid, so remaining in possession, to be fraudulent, and that the absolute property is with the possession, unless such loan, reservation or limitation of use or property were declared by will or deed in writing proved and recorded as aforesaid." From this enactment, there can be no question, that a loan of personal property may be made by parol and be protected by the law, for five years, unless it can be shown to have been contrived for fraudulent purposes. If, however, it remains in the hands of the person to whom it is loaned beyond that period, it becomes fraudulent *per se*. Under

the statute, as to creditors and purchasers of the borrower, the loan is evidenced by deed duly acknowledged and recorded.

In this case, W. S. Peters had not been in possession for the period of five years. It appears, that, in the latter part of the year 1859, or the early part of 1860, appellant came from Ohio and purchased the property and placed it in the hands of William, and it was replevied in December, 1863. It thus appears, that he had been in possession only about four years. It is, however, urged, that William sold a portion of the property placed in his hands, and, that this is evidence of fraud. He states in his testimony, that such was the fact, but that he replaced it with other property for appellant. He, however, states, that he had discretionary power in the management of the property, and acted for his brother. This was not inconsistent with the use or reservation of the property by appellant, if made in good faith, and he states, that he had no interest in, or owned any portion of, the property.

In his evidence, William Peters swears, that no time was agreed upon when the arrangement should cease, but that it depended upon the will of the parties. The statute does not require, that the time shall be fixed, when the loan is made, for its termination, but that, if possession under the loan shall continue for five years, then the ownership shall be taken to be in the borrower. That presumption does not arise in this case from continued possession, as the five years had not elapsed.

It may be said this was not a loan. If not, it is still within the statute, because, by the arrangement, appellant had the remainder, or reservation of the ultimate use of the property. And it does not matter whether it is called a loan or an agency. The effect is the same in either case. Upon an attentive examination of all the evidence in this record, we are not prepared to hold that fraud is established, but would be better satisfied to have it passed upon by another jury. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*